EX PARTE E. J. DOOLEY.

No. 3299.   Decided October 14, 1914.

**Murder—Habeas Corpus—Bail—Proof Not Evident.**
　　Where, upon hearing of habeas corpus, the evidence showed that the issue of manslaughter and self-defense was raised and that the proof of murder upon express malice is not evident, relator was entitled to bail.

Appeal from the District Court of Jefferson. Tried below before the Hon. John M. Conley.

Appeal from a habeas corpus proceeding refusing bail and remanding relator to custody.

The opinion states the case.

*Blain & Howth* and *McDowell & Ferguson,* for appellant.—Cited Ex parte Proctor, 99 S. W. Rep., 1010.

*C. E. Lane,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was indicted, charged with the murder

of Chas. Weber. He sued out a writ of habeas corpus in the District Court, and the court, after hearing the testimony, refused bail and remanded relator, from which judgment this appeal is prosecuted.

The facts would show that a daughter of appellant had married one Gus Magadieu, and they had two girl children, one nine years old, the other being younger. Magadieu and deceased Weber were partners in the saloon business. Magadieu and Weber were running a gambling house at the residence of Magadieu. Mrs. Magadieu on occasions had requested her husband to have the gambling at her house stopped, and this and other matters had come near to causing a separation. Magadieu would not stop the gambling, and Mrs. Magadieu appealed to her father, appellant. On the night of the killing Weber and a number of others had gathered at Magadieu's to engage in a game of poker. The evidence is conflicting as to the time appellant arrived at the house, but it is apparent that as Weber was arranging matters to open the game appellant went into the room; that he blamed Weber as being the cause of the gambling at the house, cursed him and told him it had to be cut out. Magadieu said it was his house, and that appellant had nothing to do with it. Appellant cursed him and threatened to kill him, when Magadieu left the house to go and telephone for an officer. The State's case is that Weber got up and started off, when appellant shot and killed him. Mrs. Magadieu testified that when her father came she again asked him to stop the gambling at the house; that it would ruin her and the girls; and testified further that Weber had that day made improper and insulting proposals to her, and she told her father about it at that time. That he became very angry and went in the room. The only material difference in her further testimony and that of the others is that when her husband started to the telephone she looked in the room, and as she did so Weber had his hand on a chair, and looked as if he was going to strike with it, and she turned off, when the shot fired.

Under such circumstances we think both the issue of manslaughter and self-defense is raised by the testimony, that the proof of murder upon express malice is not evident, and under such a state of facts appellant was entitled to bail.

The record further shows that he is a poor man and has very little, if any property.

The judgment is reversed and bail is granted in the sum of $5000.

*Bail granted.*