## EX PARTE D. H. CRAIG.

### No. 3495.    Decided March 17, 1915.

**Murder—Habeas Corpus—Bail—Negligent Homicide.**

Where appellant was refused bail upon a charge of murder, and the evidence raised the issue of negligent homicide of the second degree, bail should have been granted, which is now here done in the sum of $10,000.

Appeal from the Criminal District Court of Harris. Tried below before the Hon. C. W. Robinson.

Appeal from a judgment refusing bail upon a charge of murder and bail fixed by this court at $10,000.

The opinion states the case.

*Clarence Kendall* and *Kahn & Williams,* for relator.

*C. C. McDonald,* Assistant Attorney General, for the State.—Cited Lacy v. State, 7 Texas Crim. App., 403; Caldwell v. State, 41 Texas, 86; Roe v. State, 55 Texas Crim. Rep., 128.

PRENDERGAST, PRESIDING JUDGE.—Appellant was indicted for murder. He sued out a writ of habeas corpus for bail which was denied by the district judge after hearing the evidence; hence this appeal.

We have carefully read the evidence adduced on the hearing. Appellant earnestly contends that the evidence raises the issue of negligent homicide of the second degree, and presents authorities on that subject. As the record appears before us it seems that issue is raised. At any rate, we are clearly of the opinion that appellant was entitled to bail. Russell v. State, 71 Texas Crim. Rep., 377, 160 S. W. Rep., 75; Stephens v. State, 170 S. W. Rep., 718.

The judgment of the district judge denying bail is, therefore, reversed and his bond fixed by this court at $10,000. Upon the execution of bond in accordance with the law, the sheriff is directed to release appellant. The judgment is reversed and bail fixed at $10,000.

*Bail granted.*