### Ex Parte N. C. Patterson.

No. 4403. Decided March 7, 1917.

**Habeas Corpus—Bail—Burden of Proof.**

The burden of proof is on the State to show a non-bailable case, and where this was not undertaken by the State the case stands as if it had never been tried, and in the absence of a statement of facts before this court, the judgment refusing bail in the court below will be reversed and relator granted bail.

Appeal from the District Court of Tarrant. Tried below before the Hon. Ben M. Terrell.

Appeal from a habeas corpus proceeding denying bail, and bail granted in the sum of $500.

*Martin & McDonald,* for appellant.—The Constitution of Texas provides that all prisoners shall be bailable by sufficient sureties unless for

capital offense when the proof is evident. Ex parte Newman, 38 Texas Crim. Rep., 164, 41 S. W. Rep., 628; Ex parte Streight, 62 Texas Crim. Rep., 453, 138 S. W. Rep., 42; Ex parte Russell, 71 Texas Crim. Rep., 377, 160 S. W. Rep., 75; Ex parte Stephenson, 71 Texas Crim. Rep., 380, 160 S. W. Rep., 77.

The word evident means plain, clear and obvious. Ex parte Boyett, 19 Texas Crim. App., 17; Ex parte Russell, 71 Texas Crim. Rep., 377, 160 S. W. Rep., 75.

The rule is, "all prisoners shall be bailable." The exception is "when the proof is evident," that not only the accused is guilty but that the jury will, if they properly enforce the law, probably assess capital punishment this conclusion to be reached by the well guarded and dispassionate judgment of the court or judge passing upon the question. Ex parte Stephenson, 71 Texas Crim. Rep., 380, 160 S. W. Rep., 77; Ex parte Sapp et al., 77 Texas Crim. Rep., 400, 179 S. W. Rep., 109.

If upon the whole testimony the court entertains a reasonable doubt whether the accused committed the act or whether in so doing he was guilty of a capital offense, bail should be granted. Ex parte Smith, 23 Texas Crim. App., 100.

The amount of bail to be required in any case is to be regulated by the court, judge, magistrate or officer taking the bail. They are to be governed in the exercise of this discretion by the Constitution of this State and by the following rules:

1.  The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

2.  The power to require bail is not to be used in such manner as to make it an instrument of oppression.

3.  The nature of the offense and the circumstances under which it was committed are to be considered.

4.  The pecuniary circumstances of the accused are to be regarded and the proof may be taken upon this point. Ex parte McConnell, 13 Texas Crim. App., 390; Ex parte Stephenson, 71 Texas Crim. Rep., 380, 160 S. W. Rep., 77; Ex parte Latham, 73 Texas Crim. Rep., 144, 164 S. W. Rep., 377.

On appeal when bail is the only issue the court will look to the proper evidence as a predicate for its decision. Ex parte Qualls, 61 S. W. Rep., 392.

The burden of proof is upon the State to show that the prisoner is not entitled to bail and bail should be granted where the proof is not absolutely clear and conclusive beyond a reasonable doubt, and the court will not consider whether a verdict of murder in the first degree would be sustained. Ex parte Locklin, 72 S. W. Rep., 585; Ex parte Newman, 38 Texas Crim. Rep., 164; Ex parte Arthur, 47 S. W. Rep., 365; Ex parte Patterson, 50 Texas Crim. Rep., 271; Ex parte Firmin, 60 Texas Crim. Rep., 222, 60 Texas Crim. Rep., 368; Ex parte Gallagher, 25 Texas Crim. App., 455; Ex parte McCoy, 25 Texas, 33.

If the State introduces the indictment and rests and no evidence is

heard on the merits, bail should be granted. The burden of proof is upon the State to show that the accused is not entitled to bail, and the mere fact that the proof is evident that the accused is guilty of a capital offense does not authorize the denial of bail unless it further appears that he will be probably punished capitally if the law is administered. Ex parte Bramer, 37 Texas, 1; Ex parte Newman, 38 Texas Crim. Rep., 164; Ex parte Arthur, 47 S. W. Rep., 365; Ex parte Firmin, 60 Texas Crim. Rep., 222; Ex parte Firmin, 60 Texas Crim. Rep., 368; Ex parte Russell, 71 Texas Crim. Rep., 377, 160 S. W. Rep., 75; Ex parte Stephenson, 71 Texas Crim. Rep., 380, 160 S. W. Rep., 77.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—There is no statement of facts in the record with reference to the evidence attending the homicide for which appellant was arrested. The meager statement we have shows with sufficient certainty, we think, that he had been indicted and had been previously convicted by the verdict of the jury and given a life sentence. This was set aside and the case stood as if it had not been tried. So we have the case presented without the facts attending the homicide. This entitles defendant to bail. The burden of proof is on the State to show a non-bailable case, and it was not so undertaken in this case by the State. The case stands as if it had never been tried, and without a statement of facts before us. The judgment refusing bail will be reversed, and relator will be permitted to give bond in the sum of $5000. Upon the giving of this bond in the terms and under the requirements of the law he will be discharged from custody.

The judgment is reversed and bail granted in the sum of $5000.

*Bail granted.*