### Ex Parte Marion Rogers.

No. 6215.   Decided March 9, 1921.

**Habeas Corpus—Bail—Rule Stated.**

Bail will not be denied unless the evidence in the record is such that this court must conclude that upon a proper decision based thereon, the applicant would receive capital punishment, and in doubtful cases, bail should be granted.

Appeal from the District Court of Nacogdoches. Tried below before the Honorable L. D. Guinn.

Appeal from a habeas corpus proceeding in a capital case, denying bail.

The opinion states the case.

*Woods, King & John,* for appellant.—Cited Ex Parte Newman, 38 Texas Crim. Rep., 164; Ex Parte Patterson, 50 id., 271; Firmin v. State, 60 id., 222; Ex Parte Russell, 71 id., 377; Ex Parte Dooly, 170 S. W. Rep., 303.

· *S. M. Adams,* for the State.—Cited Townsley v. State, 220 S. W. Rep., 1093.

LATTIMORE, Judge.—This is an appeal from the District Court of Nacogdoches County refusing appellant bail. Upon application for bail in a capital case it seems to be the well settled rule of this court that same will not be denied unless the evidence in the record is such that this court must conclude that upon a proper decision based therein, the applicant would receive capital punishment. In doubtful cases the rule seems in favor of granting bail. Tested thus, we think this a bailable case, and it appearing that prior to his indictment this appellant was under a four thousand dollar bond and that he is practically without means, bail will be granted and fixed in the sum of five thousand dollars, upon the giving of which in the terms of law, he will be released.

The judgment of the district court will be reversed and bail granted in the sum of five thousand dollars.

*Bail granted.*