## Ex Parte G. P. Harris.

No. 6672. Decided November 9, 1921.

**Habeas Corpus—Bail—Rule Stated—Burden of Proof—Malice.**

Upon appeal from a *habeas corpus* proceeding denying bail in a capital case, to-wit, murder, the evidence must show malice, and the burden rests upon the State to produce evidence of a capital offense, and this burden is not discharged by proof of a sudden killing by shooting upon an unexpected meeting with no explanation of the motive. Following Farrer v. State, 42 Texas Crim. Rep., 271, and other cases; besides, the evidence showed self-defense, communicated threats, etc., and bail is granted.

Appeal from the Criminal District Court of Harris. Tried below before the Honorable C. W. Robinson.

Appeal from a *habeas corpus* proceeding denying bail. The opinion states the case.

*Meek & Kahn,* for relator.—Cited: Ex parte Parker, 48 Texas Crim. Rep., 486, and cases cited in opinion.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, Presiding Judge.—Relator is charged with the murder of Paul Schultz. He was denied bail.

Relator shot the deceased, using a shot-gun. The parties were on the public road. Relator and a companion had come to the place of the homicide in an automobile truck. Before the fatal shot was fired, they got out of the truck and were making some adjustment on the engine. As the deceased approached them, relator seized the gun and shot him. The state's testimony does not further explain the homicide.

The defensive theory was that as the deceased approached, appellant spoke to him, and the deceased responded with a threat to kill the relator and made a demonstration indicating an intent to draw a weapon. Several witnesses testified to previous expressions of illfeeling made by the deceased against the relator, including specific threats to kill him, and some of them testified that these were communicated to the relator prior to the homicide.

The burden rested upon the state to produce "proof evident" of a capital offense. To discharge this burden, proof of express malice was required. McCoy v. State, 25 Texas Rep. 34; Rose's Notes on Texas Reports, vol. 1, p. 1042. This burden is not discharged by proof of a sudden killing by shooting upon an unexpected meeting with no explanation of the motive. Farrer v. State, 42 Texas Crim. Rep. 271; Burnham v. State, 43 Texas Rep. 324; Jones v. State, 29 Texas Crim. App. 340. The insufficiency of the evidence to discharge the burden upon the state is accentuated by the issues arising from the testimony introduced by the appellant. From it the theory of self-defense upon communicated threats and demonstration indicating an immediate intent to execute them is definitely and affirmatively presented. The evidence of a demonstration by deceased is combatted by circumstances immediately surrounding the homicide and by the testimony of an eyewitness that he saw nothing done by the deceased. Clearly a question of fact, however, was raised. That there was such issue would not alone be conclusive against the state. In the instant case, considered in connection with the entire evidence, the court is not warranted in assuming, in advance, that the defensive theories will be rejected upon the trial and that the jury, in the due administration of justice, will probably convict the appellant of a capital crime and affix his punishment accordingly. Ex parte Young, 87 Texas Crim. Rep. 415; Ex parte Townsley, 87 Texas Crim. Rep 252, 220 S. W. Rep. 1092; Ex parte Burton, 75 Texas Crim. Rep. 105, 170 S. W. Rep. 308; Ex parte Stevens, 85 Texas Crim. Rep. 449; 213 S. W. Rep. 656; Ex parte Dooley, 74 Texas Crim. Rep. 650, 170 S. W. Rep. 303.

The judgment denying bail is reversed and bail granted in the sum of $7,500.

*Bail granted.*