Ex Parte Jeff Hicks.

No. 8231.   Decided October 17, 1923.

**1.—Bail—Habeas Corpus—Rule Stated—Burden of Proof—Malice.**

To authorize the denial of bail the State assumes the burden of producing proof evident of a capital offense committed by the accused, and this is not done in the absence of proof of express malice by direct or circumstantial evidence.   Following Farrer v. State, 42 Texas, 271.

**2.—Same—Bail—Rule Stated—Matter of Right.**

If the evidence is clear and strong, leading a well guarded and dispassionate judgment to the conclusion that the offense has been committed, that the accused is the guilty agent, and that he would probably be punished capitally if the law is administered, bail is not a matter of right, otherwise it is a matter of right.   Following Townsley v. State, 87 Texas, Crim. Rep., 252.   And upon the record in this case, bail is granted.

Appeal from the District Court of Cherokee.   Tried below before the Honorable L. D. Guinn.

Habeas Corpus proceeding denying bail.

The opinion states the case.

*Perkins & Perkins* and *Norman, Shook & Gibson,* for appellant. Cited, cases in opinion.

*Tom Garrard* and *Grover C. Morris,* Assistant Attorneys General, and *John B. Guinn,* and *Simpson, Lasseter & Simpson,* for the State. Cited, Ex parte Kellett, 171 S. W. Rep., 711; Ex parte Ross, recently decided; Ex parte Stephenson, 160 S. W. Rep., 77 Ex parte Smith, 23 Texas Crim. App., 100.

MORROW, Presiding Judge.—Charged with murder, relator applied for bail.   He shot and killed Ocie Payne.

To authorize the denial of bail, the State assumes the burden of producing "proof evident" of a capital offense committed by the accused.   This is not done in the absence of proof of express malice by direct or circumstantial evidence.   Relator may have been wholly without justification in the shooting of Payne and still not be guilty of a capital offense.   Cordona v. State, 56 Texas Crim. Rep., 459; Farrer v. State, 42 Texas Reports, 271.

There may be facts in evidence which would support an inference of express malice.   There are others, however, which suggest mitigation.   A correct rule is thus stated in Ex parte Smith, 23 Texas Crim. App., 100:

"If the evidence is clear and strong, leading a well-guarded and dispassionate judgment to the conclusion that the offense has been committed, that the accused is a guilty agent, and that he would probably be punished capitally if the law is administered, bail is not a matter of right."

Otherwise, it is a matter of right. Townsley v. State, 87 Texas Crim. Rep., 252.

There was antecedent conflict and unfriendly relations of nine months' duration between relator and deceased. Immediately before the homicide, the deceased made some remarks to his companions using the name of the relator. The relator went from his place of business to a confectionery nearby. Deceased got out of the automobile in which he was riding and approached the balcony upon which the relator stood. While he was about to open the door, the relator used words indicating that the deceased was displaying a knife in a threatening manner. Deceased turned towards the relator and said something, the nature of which the evidence does not disclose. Shots were then fired. Relator, on leaving, referred to previous threats by deceased. These facts were proved by the State.

McKnight, who might have explained the nature of the previous difficulty, was not used as a witness; nor is his absence accounted for. The parties were both of long residence and good standing in the community. Relator, a man fifty-five years of age, bore a good reputation for peace and quietude. The facts attending and leading up to the killing are manifestly not fully developed.

On his arrest some three weeks before he was indicted, relator was allowed bail by the examining court, upon the agreement of State's counsel, in the sum of $10,000. While at large on bail, relator was indicted and the county attorney conceded that the case was bailable and agreed on the amount, but after employment of attorneys by private prosecution, the agreement was rescinded and the matter submitted to the district judge.

No recital of the facts in detail has been made. Upon the record, it is believed that bail should not have been denied. It is therefore granted in the sum of $10,000.

*Bail granted.*