Ex Parte D. W. Rutherford.

No. 8677.   Decided May 14, 1924.

**1.—Habeas Corpus—Bail.**

Where, upon trial of *habeas corpus*, defendant applied for bail upon an indictment for murder which was refused in the court below, the same is granted on appeal.

**2.—Same—Arrest Without Warrant—Rule Stated.**

Where the State urged a discussion of the legal question arising out on the evidence relied upon to justify an arrest without a warrant held, the propriety of refraining from a discussion of a legal question in this character of case has often been asserted by this court and will be adhered to.

Appeal from the District Court of Coleman.  Tried below before the Honorable J. O. Woodward.

Appeal from a habeas corpus proceedings denying bail.

The opinion states the case.

*Baker & Weatherred,* for appellant.  Cited: Ex Parte Harris, 234 S. W. Rep., 398; Ex Parte Sparks, 197 id., 873.

*Tom Garrard,* Attorney for the State and *Grover C. Morris,* Assistant Attorney and *A. K. Doss* and *Critz & Woodward,* for the State.

MORROW, Presiding Judge.—The relator was indicted for murder, and this appeal is from an order of the district judge refusing bail.

We have carefully read the statement of facts and have reached the conclusion that the proof that appellant was guilty of a capital offense is not evident in the sense that warrants the refusal of bail.

In the brief for the State, we are urged to discuss the legal question arising out of the evidence relied upon to justify an arrest without a warrant.  We do not regard a discussion of the subject proper. It is usual in applications for bail that the facts surrounding the transaction are but partially and imperfectly developed, and this may be true of this case.   The circumstances under which one may make an arrest without a warrant are set out in the statute.   See Title 5, C. C. P.   Many of the decisions of this court construing the statutes are collated in Vernon's Tex. Crim. Stat., Vol. 2, pp. 133-135; see also Burkhart v. State, 83 Texas Crim. Rep., 228.   The propriety of refraining from a discussion of the legal questions in this character of case has often been asserted by this court.   That practice

has generally been adhered to unless in the given case there is some reason for a departure.

The judgment is reversed and the relator granted bail in the sum of $7,500.00.

*Bail granted.*