## Ex Parte C. S. McNeely.

No. 9114.   Delivered January 7, 1925.

No motion for rehearing filed.

**Habeas Corpus—Denial of Bail.**

The proof presented in this record does not present a case of murder upon express malice, nor does it appear to us that upon a trial before a fair jury, that a death sentence would be inflicted.   The judgment of the trial court is therefore reversed, and bail granted in the sum of ten thousand dollars.

Appeal from the District Court of Bell County.   Tried below before the Hon. Lewis H. Jones, Judge.

Appeal from an order of the District Court of Bell County denying bail.

*White & Culp* and *Dewitt Bowmer,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—This is an appeal from an order of the district court of Bell county denying bail. Appellant was charged with murder. We are asked to affirm the judgment. In order to do so we must be led to believe that upon a trial before a fair jury a death sentence would be inflicted. The men were brothers-in-law, and appellant is shown to have been dissatisfied with a division of land and to have had a grudge against deceased. They were seen talking in front of a store. Appellant was angry. In a short time the homicide occurred. One witness said he saw deceased ward off a blow and strike appellant, staggering him back. Blood began to flow down the face of appellant and he came back preparing to shoot and did shoot four times. What was said or done precipitating the first blow is not shown in the record. Several witnesses speak of seeing the parties "scuffling" before the shooting began. What brought about the scuffle is not shown in the record. The blow inflicted upon appellant by deceased which preceded the shooting, cut through a heavy hat and to the bone above appellant's eye. A piece of iron was found on the person of deceased, and a physician testified that this instrument apparently could have caused the injury inflicted upon appellant. We are left in the dark as to what passed between the two men before they began scuffling, or what immediately caused or led up to the first blow which was apparently struck by appellant. He may have intended merely a fist fight. He may not have had his pistol out when he struck at deceased. He may have intended by an assault with his fist to provoke an attack on the part of deceased which could be used as a pretext for wreaking his malice upon the latter. Appellant may only have intended a fist fight, and may have been struck by deceased with a piece of iron which the jury might deem to be more force than was reasonably necessary to repel an attack with the fist, and that the blow and the injury inflicted by it, produced in appellant's mind such mental condition as would make the homicide no more than manslaughter. Most of these are fact questions upon which we are given little light and which would have to be solved by the jury.

We regret to differ with the conclusions of the trial judge in a matter of this kind, but find ourselves unable to conclude from the unsatisfactory state of the record as showing the immediate antecedents of the homicide, that upon a trial the death penalty would be inflicted.

The judgment will be reversed and bail granted in the sum of Ten Thousand Dollars.

*Reversed and bail granted.*