## Ex Parte C. E. Glenny.

### No. 9466.   May 26, 1925.

**Habeas Corpus—Right to Bail.**

> Where an appeal from a refusal of the district court to allow relator bail, when charged by complaint with murder, bail will be granted by this court, except in such cases where the proof is evident of a capital offense. Following Ex Parte Woods 256 S. W. 595 and other cases cited.

Appeal from the District Court of Clay County.   Tried below before the Hon. P. A. Martin, Judge.

Appeal from an order remanding relator to the custody of the sheriff of Clay County, without bail, under a charge by complaint of murder.

The opinion states the case.

*Frank Holladay,* and *J. P. Williams,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, Presiding Judge.—Relator was charged by complaint with murder.   That he shot and killed his son, a young man about twenty-one years of age, was shown without question.

While in the house occupied by the deceased and his mother, the divorced wife or the relator, he took part in a controversy over the ownership of some community property.   Relator left the house and was followed by the deceased who had a pistol in his hand.   The relator went to his automobile about fifty feet distant and took therefrom a gun with which he shot the deceased.   No witnesses saw the act of the shooting.   The mother of the deceased testified that upon leaving the house, relator said that he had something in his automobile that would make them give him his property, otherwise he would blow their brains out.   The only other inmate of the house at the time was a lady who was visiting the relator's divorced wife. According to this witness, the deceased entered the room occupied by her, picked up his pistol and said that if relator took any property that did not belong to him, he would blow his brains out.   Accordng to her testimony, this remark was made before the relator left the house and at a time and place where it could have been heard by the appellant.   Immediately after the remark was made, relator left the house and deceased at once followed.   Soon thereafter the report of a shot was heard.

There is no impeachment of the witness last mentioned, and so far as the record shows, she was without interest in the appellant. It is manifest that if they believed her testimony, the jury might have regarded the offense as justified or mitigated. It is believed that upon the record before us, we would not be warranted in holding that there was proof evident of a capital offense. Illustrative cases are Ex parte Woods, 256 S. W. Rep. 595; Ex parte Harris, 234 S. W. Rep. 398; Ex parte Lewellen, 229 S. W. Rep. 836; Ex parte Burton, 170 S. W. Rep. 308; Ex parte Townsley, 87 Texas Crim. Rep. 252.

The judgment is reversed and bail granted in the sum of $10,000.00.

*Reversed and bail granted.*