## Ex Parte Wm. Cuaron.

No. 9584.   Delivered June 24, 1925.

Habeas Corpus—For Bail—Granted.

> To deny an accused charged with a capital offense bail, the proof must be evident, and in a murder case the state must show express malice. The evidence in this cause does not measure up to this requirement of the law, and relator is granted bail in the seem of $10,000. See Cardono v. State, 56 Tex. Crim. Rep. 447 and other cases cited.

Appeal from the District Court of El Paso County.   Tried below before the Hon. W. D. Howe, Judge.

Appeal from an order, on hearing of habeas corpus remanding relator to the custody of the sheriff of El Paso County, without bail.

*W. H. Fryer,* and *Moore & Smith,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The relator is charged by indictment in the district court of El Paso County with murdering one Dorothy Hill, and this, is an appeal from said district court denying the relator bail on habeas corpus proceedings.

We understand the rule to be in habeas corpus cases of this kind that in order to authorize the denial of bail the burden of proof is upon the State to produce "proof evident" of a capital offense committed by the accused and this is not done in the absence of proof of express malice. That the evidence required should be clear and strong leading a well guarded and dispassionate judgment to the conclusion that the offense had been committed by the accused and that he would probably be punished capitally if the law is ministered, before bail should be denied him. In support of these propositions,

we cite: Cordono v. State, 56 Texas Crim. Rep. 447; Ex Parte Francis, 91 Texas Crim. Rep. 398; Ex Parte Jeff Hicks, 95 Texas Crim. Rep. 450; Ex Parte Sparks, 81 Texas Crim. Rep. 618; Ex Parte Line, 235 S. W. 587; Ex Parte Harris, 234 S. W. 398.

After a careful examination of the statement of facts in this case, we are forced to the conclusion that the evidence relied on by the State does not meet the requirement of the above authorities which would authorize the court to deny bail in this case. The defendant introduced no testimony in the trial court and the case is before us upon the testimony produced by the State alone. In the Cordono case, supra, the appellant was given a death penalty and on motion for rehearing the case was reversed because the trial court failed to properly charge the jury on murder in the second degree. In that case the facts were very similar to the instant case and we have been unable to find any authority overruling or criticising said decision by this court. This court as a rule will not discuss the facts in habeas corpus cases.

For the reasons herein stated and the authorities cited in support thereof, we are of the opinion that the trial court erred in denying the relator bail and the judgment of the trial court is therefore, reversed and bail is granted relator in the sum of $10000.00.

*Reversed and bail granted.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.