### Ex Parte J. R. Hill.

#### No. 9850. Delivered October 14, 1925.

**Habeas Corpus—To Secure Bail—Granted.**

> Where a citizen is indicted for murder in this State, he shall be enlarged on bail pending his trial, unless proof is evident of his guilt of murder upon express malice, and that the jury on the trial will probably assess the death penalty. The record in this proceeding fails to meet these requirements, and bail is granted in the sum of $10,000.00. Following Ex Parte Rutherford v. State, 261 S. W., 1062 and other cases cited.

Appeal from the District Court of Lynn county. Tried below before the Hon. Gordon B. McGuire, Judge.

Appeal from an order of the District Court of Lynn county, remanding relator to the custody of the sheriff, without bail. Bail granted in the sum of $10,000.00.

*Lockhart & Garrard,* for relator.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BAKER, Judge.—This is an appeal from a judgment of the district court of Lynn county on *habeas corpus* proceedings refusing relator bail. The record discloses, that the relator was charged before the Hon. R. P. Moreland, sitting as a magistrate, with the offense of murder, and was remanded by said magistrate to the custody of H. L. Johnson, sheriff of Lubbock county without bail to await the action of the grand jury of Lynn county. Then the relator applied to the Hon. Gordon B. McGuire, District Judge of

Lynn county, in ·term time for writ of *habeas corpus* for bail, which upon hearing was refused, and again he was remanded to the sheriff of Lubbock county.

The rule in cases of this kind is that the proof must be evident that the jury will if they properly enforce the law, probably assess capital punishment, and the burden is upon the State to make· that showing before bail is unwarranted. We have carefully read the statement of facts, and are forced to the conclusion that same fails to meet the requirements of law authorizing the refusal of bail. Ex parte Rutherford, 261 S. W., 1042; Ex parte Glenny, 272 S. W., 458; Ex parte Cuaron, 274 S. W. 610 and authorities cited. We are of the opinion that the trial court erred in refusing bail, and therefore this case is hereby reversed and bailed granted relator in the sum of $10,000.00.

*Bail Granted.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.