### EX PARTE W. VERMILLION.

No. 9987.   Delivered January 15, 1926.

**1.—Habeas Corpus—To Secure Bail—Constitutional Provisions.**

The Constitution of this State provides "all prisoners shall be bailable by sufficient sureties, unless for capital offenses, when the proof is evident; but the provision shall not be construed as to prevent bail, after indictment found, upon examination of the evidence, in such manner as may be prescribed by law." See Harris Const. of Texas. p 106, Sec. 11.

**2.—Same—Continued.**

In construing this provision of the Constitution, this court has said: "Proof is evident, if the evidence is clear and strong leading to a well-guarded and dispassionate judgment to the conclusion that the offense has been committed; that the accused is the guilty agent and that he would probably be punished capitally if the law is administered." See Harris' Tex. Const., p. 107, Sec. 11, Sub-division 3. Following Ex Parte Alford, 97 Tex. Crim. Rep. 411, and other cases cited.

**3.—Same—Continued.**

Having respect to the precedents, we do not feel warranted in upholding the judgment denying bail. We are aware of no case of robbery, unattended with personal injury, in which a jury in this State has rendered a verdict calling for the infliction of capital punishment, and relator is granted bail in the sum of $10,000.00.

Appeal from the District Court of Potter County. Tried below before the Hon. Henry S. Bishop, Judge.

Appeal from an order on a habeas corpus hearing denying relator bail. Bail granted in the sum of $10,000.00.

*Culwell & Culwell* of Amarillo, for appellant.

*Sam D. Stinson*, State's Attorney, and *Nat Gentry, Jr.*, Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—On a habeas corpus hearing, relator was denied bail. He was charged by complaint with the offense of robbery with firearms.

According to the State's theory, appellant entered the bank at Claude, during the daytime and within the banking hours, with a handkerchief over a part of his face. With a pistol in one hand and a sack in the other, he demanded that the person in charge of the bank put the bank's money in the sack. After complying with this demand with reference to the money that was on the counter, the bank attendant was required to enter the vault. After there putting other money in the sack, he was required to lie on the floor with his face downward and with his hands tied behind him with a strand of rope. He released himself within fifteen seconds and gave the alarm. No shots were fired, and no injury was inflicted upon the bank employee. The offender was a stranger to the person in the bank, but was described by him to the officers and identified on the trial.

The only question presented is whether under the provisions of the Constitution the facts are such as to warrant the denial of bail. The constitutional provisions read thus:

"All prisoners shall be bailable by sufficient sureties, unless for capital offenses, when the proof is evident; but this provision shall not be so construed as to prevent bail after indictment found upon examination of the evidence, in such manner as may be prescribed by law." (Harris' Const. of Tex., p. 106, Sec. 11).

In construing those provisions, this court has said:

" 'Proof is evident' if the evidence is clear and strong, leading to a well-guarded and dispassionate judgment to the conclusion that the offense has been committed; that the accused is the guilty agent; and that he would probably be punished capitally if the law is administered." (Harris' Tex. Const. p. 107, Sec. 11, Subdivision 3).

See Ex Parte Alford, 97 Tex. Crim. Rep. 411; Ex Parte Smith, 23 Tex. Crim App. 125; Ex Parte Russell, 160 S. W. Rep. 76; Ex Parte Francis, 91 Tex. Crim. Rep. 398; also Ex Parte Townsley, 220 S. W. Rep. 1092; Rogers v. State, 228 S. W. Rep. 945.

Having respect to the precedents, we do not feel warranted in upholding the judgment denying bail. We are aware of no case of robbery, unattended with personal injury, in which a jury in this State has rendered a verdict calling for the infliction of capital punishment.

The judgment denying bail is reversed and relator granted bail in the sum of $10,000.00.

*Reversed, and bail granted.*