## EX PARTE GAINES GREEN.

No. 10017.   Delivered January 20, 1926.

**1.—Habeas Corpus—Bail—Right of—Improperly Denied.**

The Constitution of this State provides that bail shall be granted every person accused of crime, except in cases where the proof is evident. This has uniformly been construed to mean that bail should be granted, except in those cases where the dispassionate mind, upon a careful review of the evidence, is led to conclude that upon a fair trial, on the facts now presented, a conviction for a capital offense would likely result.

**2.—Same—Capital Offense—Proof Not Evident.**

An unexplained killing by striking one with a pistol, used as a bludgeon, which is not per se a deadly weapon, even if it had been shown that this caused death, would hardly seem to make the case one demanding capital punishment. Being of the opinion that bail should not be denied in the case, the judgment refusing same is reversed, and bail granted in the sum of four thousand dollars.

Appeal from the District Court of Washington County. Tried below before the Hon. J. B. Price, Judge.

Appeal from an order refusing bail on habeas corpus. Bail granted in the sum of four thousand dollars.

*John M. Mathis* of Houston, *B. F. Teague* of Brenham, for appellant.

*Sam D. Stinson*, State's Attorney, and *Nat Gentry, Jr.*, Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—From a judgment denying bail on habeas corpus hearing before the District Court of Washington County, appeal is taken.

The Constitution of this State provides that bail shall be granted every person accused of crime except in cases where the proof is evident. This has been uniformly construed to mean that bail should be granted except in those cases where

the dispassionate mind, upon a careful review of the evidence, is led to conclude that upon a fair trial on the facts now presented a conviction for a capital offense would likely result. The rule is too well settled to need citation of authorities.

The State introduced two witnesses, a negro and a Mexican. The negro testified that he heard loud talking near his house on the night of the alleged homicide, and went out. He swore that presently appellant drove up in a car and stopped and that a little later deceased and a woman named Hughes came along, and that presently one McAdoo and Hogan drove up. A quarrel began between deceased and the woman. The other parties took part in the quarrel seemingly against deceased. The witness testified that he saw appellant strike deceased a blow with a pistol and that at the end of the fight the party separated and before they separated they put deceased in one of the cars and carried him away. This is practically the substance of the pertinent details given by the witness.

The Mexican witness for the State swore that on the night before the body of deceased was found the next morning, he saw appellant and Hogan and another man and a woman get off a car and pull something off of the car which he thought was a sick man or a drunk man, and that they put this person on the side of the road near the woman's home.

No witness for the State was introduced to testify what caused death, or to give the appearance of the body when found. The burden seems to be upon the State to make satisfactory showing that the homicide is of that aggravated character which would call for capital punishment. Without discussing the testimony introduced by the appellant, we are not led to believe that in this case there is proof making evident the fact that upon a trial appellant would be capitally convicted. There is proof in the record that one of the parties at least was drunk on the night of the homicide. An unexplained killing by striking one with a pistol used as a bludgeon which is not per se a deadly weapon, even if it had been shown that this caused death, would hardly seem to make the case one demanding capital punishment. The observations made by the State witnesses were in the night-time.

Being of opinion that bail should not be denied in the case, the judgment refusing same is reversed and bail granted in the sum of four thousand dollars.

*Reversed, bail granted.*