### EX PARTE C. W. WATSON.

No. 10612.   Delivered November 10, 1926.

**Habeas Corpus—Right to Bail—Rule Stated.**

Where, on an application for bail on a habeas corpus hearing, the state fails to show by proof evident that the killing was upon express malice, bail should be granted the accused. It is so provided by our Constitution and statutory laws, and the unbroken line of decisions of this court. The state having failed to meet the measure of proof in the instant case, bail is granted relator in the sum of $7,500.

Appeal from the District Court of Coleman County. Tried below before the Hon. J. O. Woodward, Judge.

Appeal from a judgment on a habeas corpus hearing denying relator bail, under a charge of murder. Bail granted in the sum of $7,500.

*Mark McGee* of Fort Worth, and *Critz & Woodward* of Coleman, for relator.

*Walter W. Early,* District Attorney, *Dibrell & Snodgrass* of Coleman; *Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Relator is under indictment for murder charged with killing Jack McMath. Upon habeas corpus hearing before the Judge of the Thirty-fifth Judicial District bail

was denied, from which order this appeal is prosecuted. The killing occurred on the public street in Coleman. The meeting between the parties was brought about by deceased. His manner in accosting relator was such as caused a party who was with relator in his automobile to leave the car, anticipating trouble. Proof is also in the record before us that deceased had some two weeks before the homicide made threats to kill relator unless he left town. The exact threats had not been communicated, but relator had been advised to keep away from deceased to avoid trouble. We think it unnecessary to set out the evidence in detail. From a careful examination of it we are not impressed that the state has shown by proof evident a killing upon express malice which has been held necessary before bail can properly be denied. Ex Parte Francis, 91 Tex. Crim. Rep. 398, 239 S. W. 957; Ex Parte Hicks, 95 Tex. Crim. Rep. 450, 254 S. W. 1109.

Judgment remanding relator without bail is reversed, and bail granted in the sum of $7,500.

*Reversed and bail granted.*