## EX PARTE J. T. VICK.

### No. 10870.　Delivered March 23, 1927.

#### 1.—Habeas Corpus—Denial of Bail—Statute Construed.

Where appellant was charged with murder, the theory of the state being that the murder was committed in the perpetration of an abortion on the deceased, under the facts disclosed in this record, bail should have been allowed.

#### 2.—Same—Abortion Causing Death—Statute Construed.

While Art. 1191, P. C. 1925, declares that if the death of the mother is occasioned by an abortion, or by an attempt to effect the same, it is murder, Art. 1194, P. C., provides that "nothing in this chapter applies to an abortion procured, or attempted, by medical advice for the purpose of saving the life of the mother."

#### 3.—Same—Continued.

Art. 1194, supra, does not mean that the death attempted or procured by an unlawful abortion is necessarily murder. To render the offender guilty of murder, the elements of that offense must concur with the criminal act. In its present definition, murder is a voluntary homicide, committed with malice aforethought, and in the absence of that element the offense would not be murder. See Ex Parte Fatheree, 34 Tex. Crim. Rep. 594; Jackson v. State, 55 Tex. Crim. Rep. 79.

#### 4.—Same—Continued.

The burden is upon the state to establish facts which will justify the denial of bail. In the case before the court it would be necessary by competent proof to establish the fact that the appellant was guilty of the offense of abortion, as defined by Art. 1191, supra. The state wholly failed to meet this measure of proof, there being no evidence of express malice.

Appeal from the District Court of Wichita County. Tried below before the Hon. P. A. Martin, Judge.

Appeal from an order denying appellant bail. Reversed and bail granted in the sum of $2,500.

The opinion states the case.

*Davenport & Crane* of Wichita, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE. — By complaint relator was charged with murder, and in a habeas corpus proceeding bail was denied him. According to the evidence, Rosa Touchstone, a married woman, about eighteen years of age, became sick on February 26 and died on March 5. As we understand the record

the appellant was a practicing physician, and together with his partner, attended the deceased. The mother of the deceased testified that she was with her daughter all the time during her illness; that her stomach was much swollen on the night she died; that Doctor Vick and his partner visited the deceased two or three times a day during her illness; that one of them usually called in the morning and that she always had a bad spell in the evening, at which time the witness would call the doctor back. On the night that death occurred, the doctor was there until twelve o'clock. The deceased died at 3:30 a. m. Upon his leaving the doctor expressed the opinion that his patient was not as bad off as was thought by members of the family. The people were in poor circumstances. He gave the witness ten dollars and told her to use five dollars to pay the rent and the remainder to buy nourishment, and to tell the people to quit bothering his sick patient. The husband of the deceased testified to what purports to be a dying declaration of the deceased. He said that after stating that she was going to die, she said that Doctor Vick caused her condition; that she would have been all right if it had not been for Doctor Vick performing the operation upon her. The witness also testified that he lived with his wife; that she had a child seven months old; that six or seven weeks prior to her death she had missed her menstrual periods. According to the witness, he was present and heard a conversation between appellant and the deceased. We gather from the record that this was on the evening before she died. According to the witness, the doctor called and asked what was the matter and deceased replied that she had a rag in her womb and could not get it out; that the doctor took it out. The witness could not gather from the conversation who put the rag there. The doctor asked why she did not take it out and she said that she could not find it. The witness testified that during her illness the deceased was given medicine, which had been prescribed by Doctor Vick and his partner.

Abortion is committed by one who shall designedly administer or cause to be administered to a pregnant woman any drug or shall use towards her any violence or means externally or internally applied to procure an abortion. See Art. 1191, P. C., 1925.

In Art. 1194, P. C., it is declared that if death of the mother is occasioned by an abortion so produced or by an attempt to effect the same, it is murder. In Art. 1196 it is said:

"Nothing in this chapter applies to an abortion procured or attempted by medical advice for the purpose of saving the life of the mother."

It is not meant by Art. 1194, supra, that the death attempted or produced by an unlawful abortion is necessarily murder. To render the offender guilty of murder the elements of that offense must concur with the criminal act. See Ex Parte Fatheree, 34 Tex. Crim. Rep. 594; Jackson v. State, 55 Tex. Crim. Rep. 79. In its present definition, murder is a voluntary homicide committed with malice aforethought, and in the absence of that element, the offense would not be murder. Johnson v. State, 97 Tex. Crim. Rep. 659.

The burden is upon the state to introduce evidence which will justify the denial of bail. Ex Parte Green, 279 S. W. 471. To meet this requirement in the present instance it would be necessary, by competent proof, to establish the fact that the appellant was guilty of the offense of abortion as defined in Art. 1191, supra. As the facts are developed in the present case, he was a physician regularly called to attend a woman who was sick. He gave her medicine and in accord with the state's theory, he performed an operation which resulted in an abortion. He had a right to produce an abortion by the means mentioned if his acts were directed toward saving the life of the mother of the child. This is statutory. See Art. 1196, P. C., supra. He was not guilty of murder unless the acts attempting or producing the abortion were done with malice aforethought.

Without a discussion of the evidence in detail, the opinion is expressed that it is not sufficient to support the action of the court in denying bail. The judgment is reversed and bail granted in the sum of $2,500.

*Reversed and bail granted.*