### EX PARTE ELWELL SATTERWHITE.

No. 11429.　Delivered November 2, 1927.

Rehearing denied State, November 30, 1927.

**1.—Habeas Corpus—To Secure Bail—Granted.**

　　Appellant, under an indictment charged with rape, denied bail in the District Court, has appealed to this court. The facts and circumstances presented in the record are not such that warrants the denial of bail, and same is granted in the sum of $5,000.

##### ON REHEARING BY STATE.

**2.—Same—No Error Discovered.**

　　Upon a careful consideration of a motion for rehearing by the state, we are confirmed in the correctness of our original disposition of the case in granting bail, and the state's motion is overruled.

Appeal from the District Court of Brazos County. Tried below before the Hon. W. C. Davis, Judge.

Appeal from an order of the District Court remanding appellant without bail. Reversed and bail granted in the sum of $5,000.

The opinion states the case.

No brief filed for appellant.

*W. E. Neely* and *F. L. Henderson* of Bryan, *Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the state.

BETHEA, Judge.—Relator was charged by indictment in the District Court of Brazos County with the offense of rape by force, threats and fraud. Upon a habeas corpus hearing he was denied bail. The facts and circumstances of this case make it inadvisable, we think, for this court to make any extended statement or analysis of them. Suffice it to say that the evidence exhibited in the record is sufficient to raise defensive issues and mitigating circumstances, which, if believed by the jury, would not result in a verdict assessing death as a punishment.

For a full statement of the law which governs this court in cases of this character see: Ex Parte Cuaron, 274 S. W. 610; Ex Parte Hicks, 254 S. W. 1109; Ex Parte Harris, 234 S. W. 398; Ex Parte Dooley, 74 Tex. Crim. Rep. 650, 170 S. W. 303; Ex Parte Stevens, 85 Tex. Crim. Rep. 449, 213 S. W. 656; Ex Parte Burton, 75 Tex. Crim. Rep. 105, 170 S. W. 308; Ex Parte Townsley, 87 Tex. Crim. Rep. 252, 220 S. W. 1092; Ex Parte Young, 87 Tex. Crim. Rep. 415, 222 S. W. 242.

The judgment denying bail is reversed and bail is granted relator in the sum of $5,000.

*Reversed and bail granted.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, Judge.—The state, through her State's Attorney and private prosecution, files an able and exhaustive motion for rehearing herein which has caused us to carefully review the facts, but has not led us to change our conclusion regarding the disposition of the case. The alleged rape must have occurred in the presence of a young man friend of the prosecutrix, who was with her in the car during the evening, and, as she testified, was driving the car part of the time at least while appellant was endeavoring to accomplish his purpose. This young man is not used as a witness. It is disclosed by the cross-examination of the prosecutrix that she was of such experience as to have been out at night with various young men, some of whom hugged and kissed her at different times.

She seems to have been drinking various liquors with them upon these trips. We are not able to believe that upon a fair presentation of this case a jury will fix the punishment of this relator, if convicted, at death.

The motion for rehearing will be overruled.

*Overruled.*