EX PARTE JIMMIE R. ADAIR.

No. 14407. Delivered May 6, 1931.

The opinion states the case.

*W. C. Linden,* of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The appellant was charged with murder. On a habeas corpus hearing he was denied bail.

It was admitted by the state that Clinton Collins killed Fritz Blank and that the appellant, Adair, took no part in the actual shooting. Col-

lins entered a plea of guilty and there was assessed against him a penalty of confinement in the penitentiary for a period of ninety-nine years.

The state introduced the confession of the appellant and also that of Fletcher Casey. In his confession the appellant stated that he accompanied Strickland, Collins and Casey to the place where the homicide took place for the purpose of buying whisky; that Strickland borrowed a pistol from the appellant; that he waited in the car while Strickland and Collins went into the house; that he heard shots fired but did not know that any one had been killed; that Collins told Adair later that he had shot Blank, and the appellant then hid the pistol which he had loaned to Strickland; that he did not know that either of the parties intended to commit murder, or that anyone had been killed.

Casey's confession was to the effect that he, Collins, Adair and Strickland met at Adair's house; that they were all bootleggers; that Adair had a pistol and that he (Casey) had a rifle; that they went in a truck and an automobile; that some one yelled to come in; that when he heard the shots he fled in the truck; that Collins, Strickland, and Adair later caught up with him in the automobile.

The state failed to show the cause of the killing or the actual circumstances further than what has been recited above, and we think it has failed to discharge the burden which rested upon it to show a case in which the court was justified in denying bail.

The judgment is reversed and the relator ordered discharged upon the execution of bail, with good and sufficient sureties, in the sum of $5,000.

*Judgment reversed and relator discharged.*