## EX PARTE R. P. JENNINGS.

No. 17753. Delivered May 29, 1935.

The opinion states the case.

*Will G. Barber,* of San Marcos, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—This is an appeal from an order of the Honorable M. C. Jeffrey, Judge of the 22nd Judicial District Court of Texas, denying relator bail.

The record shows that relator was indicted by the grand jury of Caldwell County on the 7th day of November, 1934, for the offense of murder alleged to have been committed by him in said county and state. At a subsequent day the relator presented his application for a writ of habeas corpus to the judge of the 22nd Judicial District of Texas, who granted the writ and set a hearing thereon for the 8th day of May. At the conclusion of all the testimony adduced by the State the court denied relator bail and remanded him to the custody of the sheriff, to which relator promptly excepted and gave notice of appeal to this court.

It is apparent from the record before us that the case was not fully developed, but from the testimony adduced by the State it appears that the deceased and relator were single men and lived in the same house on a farm; that on the morning of November 2nd relator shot deceased with a rifle while he (deceased) was apparently preparing to eat breakfast. The bullet entered the body of the deceased at the extreme lower end of the spine, ranged upward and made its exit at a point a little below and to the right of the navel, and then passed out through a window of the house. The record is silent as to what transpired between the parties at the time of or immediately preceding the shooting or what induced relator to shoot the deceased. After deceased was shot and while lying on the floor the relator summoned a neighbor, who was passing in a truck, to assist in getting medical and surgical aid. One witness testified that about a week prior to the alleged homicide he had a conversation with relator in which the relator said that when he told Lopeman to leave he had to leave, but there is no testimony that relator told deceased to leave.

In passing upon the question of bail it is important to keep in mind section 11 of article 1 of the Constitution, which provides as follows: "All prisoners shall be bailable by sufficient sureties, unless for capital offenses, when the proof is evident; but this provision shall not be so construed as to prevent bail after indictment found upon examination of the evidence, in such manner as may be prescribed by law."

Although the Legislature, by the enactment of a statute, has abolished the degrees of murder, this court has adhered to the old rule, when the question of bail is presented, that the proof must not only be evident that the accused committed the offense with which he is charged but also that the killing was upon what was formerly known as express malice. If the proof fails in either of these essential requisites, the accused is entitled to bail. This court has said many times that by the words "proof is evident" is meant that the evidence is so strong, clear and convincing that it will lead a well-guarded and dispassionate judgment to the conclusion that the accused is the guilty party and that he would probably be punished capitally if the law is administered. See Ex parte Crawford, 98 Texas Crim. Rep., 289; Ex parte Young, 87 Texas Crim. Rep., 412; Ex parte Mc-Neeley, 98 Texas Crim. Rep., 598; Ex parte Carter, 9 S. W. (2d) 1107.

We do not think it would be proper to comment upon the testimony showing wherein, in our judgment, it is not sufficient

to warrant the denial of bail. After considering all of the testimony adduced by the State, as well as the absence of testimony showing the immediate antecedents of the homicide, we have reached the conclusion that under the constitutional provision and the authorities hereinabove cited, the relator is entitled to bail. Therefore, the judgment of the trial court is reversed and the relator is granted bail in the sum of $5000.00.

*Reversed and bail allowed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.