EX PARTE O. M. REDDING.

No. 22905. Delivered May 31, 1944.
Rehearing Denied (Without Written Opinion) June 21, 1944.

The opinion states the case.

*H. H. Cooper, R. E. Underwood, Sr.,* and *Clem Calhoun,* all of Amarillo, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was charged by indictment with the offense of murder alleged to have been committed in Potter County, Texas, on or about the 6th day of April, 1944. He was arrested by the sheriff of said county and placed in jail. He immediately presented to the Judge of the District Court for the 47th Judicial District of Texas, an application for a writ of habeas corpus in which he averred that he was being illegally restrained of his liberty by the sheriff. The writ was issued as prayed for, and upon a hearing thereof, he was remanded to the custody of the sheriff without the benefit of bail. From said order and judgment he appealed to this court.

We have read the record before us with care and reached the conclusion that under the law and the facts, he is entitled to bail. In passing on the question of bail, it is important to keep in mind Section 11 of Article 1 of the Constitution of Texas, which provides:

"All prisoners shall be bailable by sufficient sureties, unless for capital offenses when the proof is evident; but this provision shall not be so construed as to prevent bail after indictment found, upon examination of the evidence, in such manner as may be prescribed by law."

The word "evident" in the Constitution, has been construed to mean that the accused, with a cool and deliberate mind and formed design, did maliciously kill another and that a dispassionate jury would not only convict him but would also assess the death penalty.

In cases of this nature, it has long been the policy of this court to refrain from stating the facts at length or to express a conclusion thereon.

It sometimes happens that the same evidence which the State introduces and relies on to show malice might be appropriated by the jury to indicate a killing in which the accused acted under the influence of sudden passion arising from adequate cause as defined in Art. 1257c, Vernon's Ann. Tex. P. C. When such is the case, this court would be in no position to say that the jury would accept the evidence as showing malice instead of adequate cause, and, therefore, we are likewise, in no position to say that such an accused should be denied bail. Believing the facts in the record before us present such a situation, it is our conclusion that appellant is entitled to bail.

The judgment is reversed and bail is granted in the sum of $15,000.00, and that upon the execution of a bond in said sum, with good and sufficient sureties, appellant is ordered released from custody.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.