# DECEMBER 5, 1945

EX PARTE ALVIN H. KENNEDY.

No. 23302. Delivered December 5, 1945.

The opinion states the case.

*Sam McCollum*, of Brady, and *Gib Callaway*, of Brownwood, for appellant.

*Mark Callaway*, District Attorney, and *J. Edward Johnson*, both of Brownwood, and *Ernest S. Goens*, State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Appellant, under indictment for murder, was denied bail, pending trial. The appeal is from that order.

It is the policy of this Court that in such cases the facts be not discussed at length or conclusions expressed further than to determine the one issue before us, which is whether the evidence is clear and strong, leading a well-guarded and dispassionate judgment to the conclusion that the offense has been committed, that the appellant is the guilty agent, and that he would probably receive the death penalty upon the trial of the case.Ex Parte McNeely, 98 Tex. Cr. R. 598, 267 S. W. 717; Ex Parte Vermillion, 102 Tex. Cr. R. 590, 280 S. W. 771; Ex Parte Green, 102 Tex. Cr. R. 542, 279 S. W. 471; Ex Parte Grayson, 104 Tex. Cr. R. 365, 284 S. W. 552; Ex Parte Miller, 112 Tex. Cr. R. 229, 16 S. W. (2d) 123; Ex Parte Perkins, 118 Tex. Cr. R. 178, 40 S. W. (2d) 123; Ex Parte Coward, 145 Tex. Cr. R. 593, 170 S. W. (2d) 754; Ex Parte Jennings, 128 Tex. Cr. R. 610, 83 S. W. (2d) 334; Ex Parte Redding, 180 S. W. (2d) 951; Ex Parte McIntosh, 183 S. W. (2d) 978.

The burden is upon the State to show the accused is not entitled to bail. Ex Parte Firmin, 60 Tex. Cr. R. 368, 131 S. W. 1113; Ex Parte Patterson, 81 Tex. Cr. R. 26, 193 S. W. 146; Ex Parte Hill, 101 Tex. Cr. R. 312, 276 S. W. 250; Ex Parte Adair, 118 Tex. Cr. R. 142, 38 S. W. (2d) 800; Ex Parte Coward, 145 Tex. Cr. R. 593, 170 S. W. (2d) 754.

The appellant's wife was the sister of the deceased. Ill feeling had existed between appellant and deceased for about ten years. In August, 1943, about twenty-six months prior to the killing, a violent controversy arose between them, since which time they had not spoken to each other. Shortly after this controversy, the deceased told a deputy sheriff that if appellant did not quit butting into his business he would kill him. The deputy sheriff informed appellant thereafter that he had been told deceased would kill him if he bothered him; that he (the deputy sheriff) believed that he would carry out his threat; and that he would like for them to stay apart, as he did not want to see any trouble.

About ten days prior to the killing, the deceased purchased from his mother the farm upon which appellant and his wife had been living for a number of years. When the agreed purchase price the deceased was to pay for the farm was known,

appellant offered to pay more for the farm. His offer being rejected, he and his wife offered to buy another farm owned jointly by the mother and her children; and this appears also to have been rejected. Subsequently, and on the afternoon of the day before the killing, appellant's wife met the deceased in the road near her home and undertook to get him to consent to the purchase by them of the farm last mentioned. Such request was refused and in that conversation, deceased threatened to kill the appellant the first time he met him. This threat, as also the conduct of deceased on the occasion thereof, was communicated to appellant by his wife that night. The following afternoon the killing occurred when, according to appellant's testimony, deceased made a demonstration which appellant believed was to get a pistol out of the glove compartment of the truck in which he was riding with which to kill him and carry into execution the threat.

There was no witness to the killing other than the appellant. The circumstances and physical facts, from the State's standpoint, show an assassination—that is, that the appellant lay in wait by the side of the road he knew deceased would be traveling in his truck and shot him in the back of the head with a high powered rifle as he passed by.

The facts definitely present a killing upon express malice, from the State's standpoint; while from the standpoint of the appellant the facts present a killing without malice and in self-defense from apparent danger and threats.

While it is true in cases of this character that the source of the testimony presenting the defensive theory may be looked to and by that rule the self-defense theory may be rejected—coming, as it does, only from the appellant—yet the previous relations and ill will existing between the parties, as also the threat to the deputy sheriff, being unchallenged by the State, cannot be rejected. Moreover, the testimony of the wife of appellant cannot be said to come wholly from an interested witness in behalf of appellant, because she was also the sister of deceased.

Such being the conditions reflected by this record, we cannot bring ourselves to the conclusion that this is a case in which the jury will probably render the death penalty and therefore nonbailable. As supporting, we cite: Ex Parte Harris, 90 Tex. Cr. R. 246, 234 S. W. 398; Ex Parte Way, 78 Tex. Cr. R. 228, 180 S. W. 610; Ex Parte Hicks, 95 Tex. Cr. R. 450, 254 S. W.

1109; Ex Parte Glenny, 100 Tex. Cr. R. 134, 272 S. W. 458; Ex Parte Rivera, 105 Tex. Cr. R. 37, 285 S. W. 327; Ex Parte Satterwhite, 108 Tex. Cr. R. 251, 299 S. W. 901.

Accordingly, the judgment of the trial court is reversed and bail granted in the sum of $7,500.00.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.