WEAPONS (§ 17*) — CRIMINAL PROSECUTION — SUFFICIENCY OF EVIDENCE.

In a prosecution for carrying of a pistol on or about the person, evidence as to carrying a pistol either in his buggy or under the cushion of the seat *held* to establish the offense.

[Ed. Note.—For other cases, see Weapons, Cent. Dig. §§ 20, 22–33; Dec. Dig. § 17.*]

Appeal from Hamilton County Court; J. L. Lewis, Judge.

John I. Mayfield was fined $100 for unlawfully carrying a pistol, and he appeals. Affirmed.

Eidson & Eidson, of Hamilton, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

PRENDERGAST, P. J. Appellant was fined $100 for unlawfully carrying a pistol. The case was tried before the court without a jury. The statute is, if any person shall carry on or about his person any pistol, he shall be punished, etc.

Appellant's only contention is that the evidence is insufficient to sustain the judgment. There were but two witnesses for the state, M. L. Pierce and his wife. Pierce testified: "That during the fall of 1911 he and his wife lived with the defendant, John I. Mayfield; that Mayfield was during said fall collecting for the firm of Hitt & Co.; that he saw the defendant many times during said fall take his pistol from his house and place it in his buggy, sometimes on, sometimes behind, and sometimes under, the cushion of the buggy seat; that he never did see him place it in the bottom of the buggy, under the seat; that Mayfield would get into his buggy and drive into the lane 20 or 30 yards from his house, and drive on down the big road towards the 'mountains' on his collecting trips; that once, when he asked him why he carried the pistol, he said, 'Them mountain fellows might be hard to get money out of,' or something like that; that on another occasion he (witness) told him that the sheriff would get him sometime, and he (Mayfield) replied that he was not big enough, or something of that kind; that defendant's house and the road he would drive into was in Hamilton county; that he never saw him with a pistol off of his hand, but he never saw him change the position of the pistol after he got into the buggy; that defendant got off his own premises when he got into the public road close to his house; that he has also seen the defendant take the pistol out of his buggy when he would come in from his col-

lecting trips; that neither of these trips was when he went to Austin."

Mrs. Pierce testified: "That she saw the defendant at different times during the fall of 1911 take the pistol from the bureau drawer in his room and place it on or behind the buggy cushion; these occasions were when he was starting out collecting; that the buggy at the time was on his own land, but he would drive off of his land a short distance from the house into the public road, which was in Hamilton county; that at one time she, at his request, handed him the pistol after he had gotten into the buggy; that she also saw the pistol several times, when he would come from collecting, behind or under the buggy cushion; this was when she would go to the buggy after the mail."

Appellant testified, denying that he had a pistol under the above circumstances, but testified that the only time he carried the pistol was when he carried it in his grip on a trip to Austin, and denied that he had a pistol under any of the circumstances testified to by the two state's witnesses.

This is the whole of the testimony. In our opinion it established appellant's guilt, and justified the court to so find. In addition to the statute, we cite Garrett v. State, 25 S. W. 285; Hill v. State, 50 Tex. Cr. R. 619, 100 S. W. 384; Williams v. State, 58 Tex. Cr. R. 195, 125 S. W. 42; Leonard v. State, 56 Tex. Cr. R. 84, 119 S. W. 98; Prewitt v. State, 49 Tex. Cr. R. 323, 92 S. W. 800.

The judgment is affirmed.

---

Ex parte BURTON. (No. 3323.)

(Court of Criminal Appeals of Texas. Oct. 28, 1914.)

BAIL (§ 43*)—CRIMINAL PROSECUTION—RIGHT TO BAIL.

Where the evidence for the state under a complaint charging murder would support a verdict of murder upon express malice, an offense not bailable, but defendant's evidence raises the issues of self-defense and imperfect self-defense, so as to require their submission to the jury, he was entitled to bail.

[Ed. Note.—For other cases, see Bail, Cent. Dig. §§ 153–164; Dec. Dig. § 43.*]

Appeal from District Court, Hemphill County; F. P. Greever, Judge.

J. N. Burton, under a complaint charging him with murder, was remanded to jail without bond on habeas corpus hearing, and he appeals. Reversed, and bond fixed in the sum of $7,500.

J. F. Cunningham, of Abilene, and Frank Willis, of Canadian, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. Appellant, under a complaint charging him with murder, was remanded to jail without bond on habeas corpus hearing. The evidence would show that trouble existed because of differences growing out of the relationship of landlord and tenant; appellant being a tenant of deceased. The state's evidence would support a verdict of

murder upon express malice, therefore rendering the case nonbailable. But the defendant's evidence raises the issues of self-defense and imperfect self-defense with such cogency as we think to require the court to submit those issues to the jury, and a court cannot say that a jury would not be justified in finding for the defendant on one or the other of those defenses, and under such circumstances we think the court erred in refusing to grant appellant bail.

The judgment is reversed, and bond fixed in the sum of $7,500.