EX PARTE JOHN LEWELLEN.

No. 6141. Decided March 23, 1921.

**Habeas Corpus—Bail—Conflicting Testimony—Rule Stated.**

While a mere conflict of testimony will not necessarily entitle the accused to bail, yet, where the issue of self-defense was raised by the testimony in a manner that would make it necessary for the trial court to present that question to the jury, and the evidence as a whole was not so clear and strong as to lead a well guarded and dispassionate judgment to the conclusion that if the law is administered the relator would probably be punished capitally, bail is granted.

Appeal from the District Court of Bell. Tried below before the Honorable L. H. Jones.

Appeal from a habeas corpus proceedings denying bail.

The opinion states the case.

*Dewitt Bowner,* and *W. W. Hair,* for appellant.—Cited Ex Parte Gallaher, 8 S. W. Rep., 481; Ex parte Craig, 174 id., 823; Ex parte Dooley, 170 id., 303; Ex parte Burton, 170 id., 308; Ex parte Way, 180 S. W. Rep., 610.

*R. H. Hamilton,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Appellant was indicted in Bell County, charged with the murder of John Zurovec. Under habeas corpus proceedings he made application for bail, and from judgment denying it, he appeals to this court. The evidence upon the habeas corpus hearing condensed and stated briefly amounts to the following: The State's theory, supported by proof is that appellant and some companions went into deceased's place of business and ordered some sandwiches; that without excuse or provocation on the part of deceased, both appellant and one of his companions denounced deceased as a son-of-a-bitch, and upon deceased replying to appellant, "Well, if I am a son-of-a-bitch, what are you, are you one too?" that the appellant immediately left the restaurant; was gone a few minutes and returned; and without provocation shot deceased and killed him; the theory of the State being that appellant left the restaurant for the purpose of securing the pistol with which he did the killing. The theory of the appellant is that upon entering the restaurant neither he nor his companions used the insulting language above referred to, but as they entered the restaurant he was talking to one of his companions, and was saying that he, appellant, had been having trouble with a car, and which had been quite expensive to keep in repair, and remarked to his friend, referring to the automobile, that he might as well sell the son-of-a-bitch because it had been giving him so much trouble; that deceased accused the appellant of having used the epithet in addressing him, which appellant denied and claimed that deceased ordered him out of the restaurant, having in his hand at the time a butcher knife, and that appellant then left the restaurant and went only a short distance away and got a pistol, but claims that he got it without any thought of engaging in a difficulty with deceased, but that he intended to go in a few days out of the county to get some cotton pickers and that he borrowed the pistol to take with him on that trip; that when he came back to deceased's place of business to get his friends, an altercation was in progress between deceased and them, which had arisen about the change in payment for the sandwiches. About the time he entered the door, one of his friends threw a bottle of some kind at the deceased, whereupon deceased ran down the counter and upon discovering the appellant, said, "You called me a son-of-a-bitch" and ran at him with a knife, whereupon he shot and killed him. The evidence, as will be seen from the foregoing, is conflicting, that of the State developing a case where a denial of bail would be proper; that of the appellant raising an issue of self-defense. We gather from the record that several other parties were in the restaurant at the time, who were not used as witnesses upon the habeas corpus hearing. As we understand the law, the mere conflict of testimony will not necessarily entitle an accused to bail because conflicting testimony may be "evidently" not true by reason of mistakes or perjury. Ex parte Smith, 23 Texas Crim.

App., 145. But in many cases it has been held by this court that where an issue of self-defense was raised by the testimony a party would be entitled to bail. Ex parte Dooley, 74 Texas Crim. Rep., 650, 170 S. W. Rep., 303; Ex Parte Burton, 75 Texas Crim. Rep., 105, 170 S. W. Rep., 308; Ex Parte Way, 78 Texas Crim. Rep., 228, 180 S. W. Rep., 610. It would not be proper for us to express an opinion as to the testimony, or to discuss in detail the evidence as disclosed by the record on this appeal; but as said before, it does raise the issue of self-defense in such manner as would make it necessary for the trial court to present that question to the jury, and we have no right to conclude that the finding of the jury might not be favorable to appellant upon that issue. We do not desire to be understood as holding that in every case where the issue of self-defense is raised that the accused would be entitled to bail, regardless of other testimony controverting it. We can not conclude, after a careful inspection of the facts, that the "evidence is so clear and strong as to lead a well guarded and dispassionate judgment to the conclusion that if the law is administered the appellant would probably be punished capitally."

The judgment of the lower court denying bail is reversed, and the appellant is admitted to bail in the sum of Ten Thousand Dollars.

*Bail granted.*