## Ex Parte T. F. Hickox.

No 6506. Decided October 12, 1921.

**1.—Habeas Corpus—Bail.**

Where relator was denied bail in the lower court in a capital offense, this court, after examining the evidence finds nothing in the record suggesting that the conclusion reached by the trial judge was not the proper one. MORROW, Presiding Judge, dissenting

**2.—Same—Bail—Rule Stated.**

The rule is that bail is a matter of right in capital cases except when the proof is evident, that is such as to lead a dispassionate mind to the conclusion that the accused was guilty, etc.

Appeal from the District Court of Tom Green. Tried below before the Honorable C. E. Dubois.

Appeal from a judgment denying bail in a capital case.

The opinion states the case.

*Snodgrass & Dibrell,* for appellant.—Cited Ex Parte Stevenson, 160 S. W. Rep., 77; Ex Parte Young, 222 id., 242, and cases cited in opinion.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—This is an appeal from a judgment of the District Court of Tom Green County refusing bail to appellant, T. F. Hickox, who is charged with the murder of one Lamar Schrier. The rule is that bail is a matter of right in capital cases except when the proof is evident; which is taken to mean that if the evidence is such as to lead a dispassionate mind to the conclusion that the accused is guilty, and that if the law is properly administered a conviction would be had of a capital offense, in such an event bail should be denied, otherwise it should be granted.

In the instant case deceased was in a garage in the town of Rankin in company with one Nevell. Appellant and his son Tom came into said building while said other parties were there. Tom said to deceased, "Lamar, you beat up my little brother but you cannot beat me." Deceased replied, "I did not," and Tom said, "You are a g—d d—n liar," and deceased said, "Let's not have any trouble," and appealed to appellant to speak to Tom and "let's not have any trouble" and about this time Tom slapped deceased and they begun fighting. Nevell immediately left the building going to look for an officer to have him stop the trouble and says he heard the shooting not longer than a minute after he left the building. A witness named Poole said he was standing a few feet from the parties and saw Tom and deceased clinched, the latter having his arms about Tom's shoulders; that deceased was backing and Tom following him, and that in this position the deceased went backward seven, eight or ten feet; that appellant was walking along beside them as deceased was backing, and at this juncture witness said he saw appellant put out his hand and heard the report of a pistol and saw deceased fall. Another witness said that he saw appellant approach deceased with a pistol in his hand, and when within two or three feet of him he shot deceased in the back; that deceased fell and appellant and his son turned and walked out of the garage, and witness did not hear them say a word to anyone. The physician who examined the body of deceased said he was shot in the small of the back, the shot ranging downward.

The only witness who testified for the appellant was his wife and her evidence bore upon the question apparently, of his ability to make bond.

It thus appears that appellant's son attacked deceased in the presence of the appellant; that deceased had remonstrated with .Tom. and had asked appellant also to speak to Tom and prevent trouble. That deceased was retreating; that he was not making any demonstration with any weapon of any kind; that appellant kept pretty close to his son and deceased as the latter was going backward, and that after deceased had backed from seven to ten feet appellant shot him in the back with a pistol, setting fire to the clothing of deceased; and that then without a word of explanation or statement of any kind appellant and his son left the building.

The decision of the trial judge that the proof of a capital offense was "evident" is entitled to weight on appeal, but has not the standing of the verdict of a jury. The duty rests upon this court to examine the evidence and for itself determine whether bail should have been denied. Ex parte Stephenson, 71 Texas Crim. Rep., 380. We have carefully examined the testimony and find nothing in the record suggesting that the conclusion reached by the trial judge was not the proper one.

The judgment refusing bail is affirmed.

*Affirmed.*

MORROW, PRESIDING JUDGE (dissenting).—The burden is upon the state to produce "proof evident" of a capital offense. To discharge this burden, proof of express malice is required. Firmin v. State, 60 Texas Crim. Rep., 370; Ex parte Townsley, 87 Texas Crim. Rep., 252, 220 S. W. Rep., 1092; Ex parte Young, 87 Texas Crim. Rep., 413.

That appellant shot deceased while he and appellant's son were fighting does not alone suffice. Account should be taken of the state of appellant's mind. He may have been wholly unjustifiable and still not guilty of a capital offense. Cordono v. State, 56 Texas Crim. Rep., 459; Rice v. State, 51 Texas Crim. Rep., 283; Farrer v. State, 42 Texas Crim. Rep., 271. Inferences adverse to the accused are not to be drawn from the absence of evidence which the state could have produced. Express malice is not presumed but must be proved. Hamby v. State, 36 Texas Crim. Rep., 523; Dougherty v. State, 59 Texas Crim. Rep., 464, 128 S. W. Rep., 401; Potts v. State, 56 Texas Crim. Rep., 44.

The state revealed the claim that appellant's son had been "beat up" by deceased. The effect of the beating on appellant's mind would depend upon the nature and cause of the beating, and its proximity in time of the homicide. Evidence of these matters was at the command of the state.

The idea of conspiracy with Tom Hickox seems not proved but negatived by the finding of the trial judge that Tom Hickox was entitled to bail in a small sum. The inferences from the State's evidence that appellant's passion was aroused to a degree preventing deliberation by the previous conduct of deceased in connection with the present encounter are not overcome by any evidence found in the record. If

facts to the contrary existed, they should have been introduced by the state. In their absence, the presumption that they did not exist should obtain.

In my opinion, the judgment should be reversed.