## EX PARTE WILL WOODS.

No. 8335.   Decided December 12, 1923.

Bail—Express Malice—Proof Evident Required.

Where the offense of murder on express malice is not made so clear by the testimony as to classify the transaction as a capital offense upon "proof evident" and much conflict of testimony suggests the impropriety of denying bail, bail is granted. Following Russell v. State, 71 Texas Crim. Rep., 377, and other cases.

Appeal from the District Court of Montgomery. Tried below before the Honorable J. M. Combs.

Appeal from a *habeas corpus* proceeding denying bail in a capital case.

The opinion states the case.

*R. A. Powell,* and *Foster & Williams,* for appellant. Cited Ex parte Burton, 170 S. W. Rep., 308; Ex parte Lewelyn, 229 id., 327; Ex parte Dooley, 170 id., 303; Ex parte, Harris, 234 id., 398, and cases cited in opinion.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Indicted for murder, relator was denied bail. That he killed the deceased is conceded. In view of a trial on the merits, a review of the facts in detail is deemed inexpedient.

The deceased Moriarity was killed at the home of the relator in the presence of the wives of the deceased and the relator. Each of the wives testified but the relator did not. The relator used a shotgun. The pistol of the deceased was at the scene of the homicide. Whether it reached there before or after the fatal shot was fired was controverted, as was also whether it was fired at the relator. There was evidence, both circumstantial and direct, supporting both of these defensive matters. Antecedent to the homicide and upon the scene of it, the wives of the relator and the deceased engaged in an altercation. Relator and the deceased appeared upon the scene and the homicide took place.

The theories of murder, manslaughter and justifiable homicide arise from the record. The offense of murder on express malice is not made so clear by the testimony as to classify the transaction as a capital offense upon "proof evident." There is much cogent testimony tending to show self-defense and such conflict as suggests the impropriety of denying bail. See Russell v. State, 71 Texas

Crim. Rep., 377; Ex parte Stephenson, 71 Texas Crim. Rep., 380; Ex parte Townsley, 97 Texas Crim. Rep. 253; Ex parte Harris, 90 Texas Crim. Rep., 246, 234 S. W. Rep., 389; Ex parte Burton, 75 Texas Crim. Rep., 105, 170 S. W. Rep., 308; Ex parte Lewellen, 89 Texas Crim. Rep., 57, 229 S. W. Rep., 240.

The order denying bail is reversed and bail is granted in the sum of $5,000.

*Bail granted.*