Ex parte Paula DERESE.

No. 53073.

Court of Criminal Appeals of Texas.

Sept. 7, 1976.

Richard A. Mayhan, Houston, for appellant.

Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from an order entered in a habeas corpus proceeding in the 183rd District Court denying the appellant bail.

It appears that the appellant was taken into custody by the Baytown police on July 28, 1976, and charged with the murder of her father and her mother. It further appears she was being held without bail and filed her habeas corpus application seeking bail.

On August 5, 1976, the court conducted a hearing on the said application, at the conclusion of which the court denied bail.

The record reflects that on July 25, 1976, the bodies of Paul Harvey Cantrell and Mary Bright Cantrell were found in their Baytown home. According to the assistant medical examiner, who performed the autopsy, the death of Paul Harvey Cantrell was asphyxia due to ligature strangulation and cutting wounds of the neck.

Appellant's extrajudicial confession was introduced into evidence. In it she details her past acquaintance with one Vernon McManus and how she on occasion had "problems" with her parents and how McManus had suggested that he get someone to kill her parents. She related that McManus told her that she would have to pay the killers out of the insurance money she would collect and that he would get one-third of the estate. Her confession relates McManus told her once he paid $15,000 to the killers and later another $5,000. The discussion about the killings covered several months. She related that on Saturday, July 24, 1976, at 4 p. m. McManus called her at her parents' home, where she lived, and told her "the people supposed to do the killings were in the area" and that "three is a crowd." She left home about 6 p. m. and returned in the early morning hours of July 25 to find the bodies of her parents. She also stated she talked to McManus on July 25th and he revealed that he had been forced to go with the other two men in the car he had rented and had been present when the killings took place and described the events to her. He told her to keep her mouth "shut" and "not to crack."

The appellant called her former husband, who testified that they had a two and a half year old son, that she was not a person of violence, and that she got along with her parents "very well." There was no showing that appellant had any criminal conviction.

■ Article I, Section 11, of the State Constitution and Article 1.07, Vernon's Ann.C.C.P., both provide that all prisoners are entitled to bail except those charged with a capital offense "when the proof is evident."

"The term 'proof is evident' means that the evidence is clear and strong, leading a well-guarded and dispassionate judgment to the conclusion that the offense of capital murder has been committed; that the accused is the guilty party; and that the accused will not only be convicted but that the jury will return findings which will require a sentence of death." *Ex parte Wilson,* 527 S.W.2d 310 (Tex.Cr.App.1975), and numerous cases there cited.

■ The burden of proof is on the State to establish that the proof is evident. *Ex parte Wilson,* supra; *Ex parte Sierra,* 514 S.W.2d 760 (Tex.Cr.App.1974); *Ex parte Forbes,* 474 S.W.2d 690 (Tex.Cr.App.1972); *Ex parte Paul,* 420 S.W.2d 956 (Tex.Cr.App. 1967). This burden requires the State in hearings of this nature not only to introduce evidence that the jury would convict the accused but would return the findings required under Article 37.071, Vernon's Ann.C.C.P., which would require the imposition of the death sentence. See *Ex parte Wilson,* supra; *Ex parte Sierra,* supra.

While the decision of the trial judge that the proof is evident is entitled to weight on appeal, nevertheless it is the duty of this court to examine the evidence and determine if bail was properly denied. *Ex parte Wilson,* supra; *Ex parte Hickox,* 90 Tex.Cr.R. 139, 233 S.W. 1100 (1921).

The record reflects that the bodies of Paul and Mary Cantrell were found in their home on July 25, 1976. Cause of death of Paul Cantrell was shown to be asphyxia due to strangulation.

Appellant's confession related McManus' suggestion that he could acquire killers to take care of her parents. According to the confession, he had suggested having appellant's former husband killed, but she declined. The funds supposedly paid out were paid out by McManus with his statement that he was entitled to one-third of the estate for hiring the killers.

In order for the death penalty to be imposed there must first be a conviction for capital murder. See, V.T.C.A., Penal Code, Sec. 19.03. The State must then prove beyond a reasonable doubt that: (1) the conduct of the accused that caused the death of the deceased was committed deliberately and with the reasonable expectation the death of the deceased or another would result; (2) there is a probability that the accused would commit criminal acts of violence that would constitute a continuing threat to society; (3) if raised by the evidence, that the conduct of the accused in killing the deceased was unreasonable in response to the provocation, if any, by the deceased. See Article 37.071, Vernon's Ann.C.C.P.; *Jurek v. State,* 522 S.W.2d 934 (Tex.Cr.App.1975); *Ex parte Wilson,* supra.

We have carefully reviewed the record before us and cannot conclude that the "proof is evident" that the jury would answer the required questions in the affirmative as required by Article 37.071, supra. It is true that the trial judge at the conclusion of the habeas corpus hearing found there was a probability that the accused would commit acts of violence that would constitute a continuing threat to so-ciety. The evidence is insufficient to support such finding. Independent of the confession, the State offered no evidence on this issue. The appellant offered evidence of her non-violent nature, and there was no showing of any criminal record.

The judgment of the trial court in denying bail to the appellant is reversed. Bail is set in the amount of $50,000.

ODOM, J., dissents.

DOUGLAS, J., not participating.