**Ex parte Ralph Leslie MAXWELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 54896.**

Court of Criminal Appeals of Texas.

Oct. 12, 1977.

State's Motions for Rehearing Denied Nov. 2, 1977.

James H. Kreimeyer, Belton, for appellant.

Don S. Caldwell, Jr., Dist. Atty. and Richard W. White, Asst. County Atty., James L. Bradley and L. L. Geren, Sp. Prosecutors, Groesbeck, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

PHILLIPS, Judge.

Appeal is taken from an order denying appellant's application for writ of habeas corpus and refusing appellant's application for bail. Appellant stands indicted for the offense of capital murder.

■ Without setting out the facts in detail or commenting on the sufficiency of the evidence, we agree that the State met its burden of establishing that the proof is evident a jury would return a finding of guilt. However, the State must also introduce evidence that a jury would return findings which would require a sentence of death. *Ex parte Wilson,* Tex.Cr.App., 527 S.W.2d 310.

■ While the decision of the trial judge that the proof was evident is entitled to weight on appeal, it is nevertheless the duty of this Court to examine the evidence and to determine if bail was properly denied. *Ex parte Hammond,* Tex.Cr.App., 540 S.W.2d 328; *Ex parte Derese,* Tex.Cr.App., 540 S.W.2d 332.

■ A witness for the State testified after appellant had been arrested and released on a $10,000.00 bond he heard appellant and appellant's wife talking with Hank Worley about a statement Worley had signed. Appellant told Worley if he gave any testimony against appellant that would hurt him on this case appellant "would have something done about it." Appellant also said his lawyer told him he "had a good chance to get to see old Sparky."

We cannot conclude that this is sufficient to show the proof is evident that a jury would answer the required questions submitted under Art. 37.071, V.A.C.C.P., in the affirmative. See and compare *Ex parte Davis,* Tex.Cr.App., 542 S.W.2d 192.

The judgment of the trial court denying bail to the appellant is reversed. Bail is set in the amount of $55,000.00.