**Ex parte Gregory Arthur OTT**

**No. 58114.**

Court of Criminal Appeals of Texas, Panel No. 2.

May 10, 1978.

---

Alan L. Levy, Denton, for appellant.

Jerry Cobb, Dist. Atty., Denton, for the State.

Before ONION, P. J.; and DALLY and VOLLERS, JJ.

## OPINION

ONION, Presiding Judge.

This is an appeal from an order entered in a habeas corpus proceeding in the 158th Judicial District Court refusing the appellant, who was indicted for capital murder, bail.

The indictment charged the appellant with capital murder under V.T.C.A., Penal Code, § 19.03(a)(1), which provides:

"(a) A person commits an offense if he commits murder as defined under Section 19.02(a)(1) of this code and:

"(1) the person murders a peace officer or fireman who is acting in the lawful discharge of an official duty and who the person knows is a peace officer or fireman."

The proof offered at the habeas corpus hearing reflects the deceased, Bobby Doherty, was a Texas Ranger.

Article I, § 11 of the State Constitution, and Article 1.07, V.A.C.C.P., provide that all prisoners are entitled to bail except those charged with a capital offense "when the proof is evident." [1]

"The term 'proof is evident' means that the evidence is clear and strong, leading a well-guarded and dispassionate judgment to the conclusion that the offense of capital murder has been committed; that the accused is the guilty party; and that the accused will not only be convicted but that the jury will return findings which will require a sentence of death." *Ex parte Wilson,* 527 S.W.2d 310 (Tex.Cr. App.1975), and cases there cited; *Ex parte Derese,* 540 S.W.2d 332 (Tex.Cr. App.1976); *Ex parte Hammond,* 540 S.W.2d 328 (Tex.Cr.App.1976).

The burden of proof is on the State to establish that proof is evident. *Ex parte Wilson,* supra; *Ex parte Derese,* supra; *Ex parte Hammond,* supra; *Ex parte Sierra,* 514 S.W.2d 760 (Tex.Cr.App.1974); *Ex parte Paul,* 420 S.W.2d 956 (Tex.Cr.App. 1967). This burden requires the State in hearings of this nature not only to introduce evidence that the jury would convict the accused but would return the findings required under Article 37.071, V.A.C.C.P., which would require the imposition of the death sentence. *Ex parte Derese,* supra; *Ex parte Hammond,* supra; *Ex parte Wilson,* supra; *Ex parte Sierra,* supra.

In reviewing on appeal an order in a habeas corpus proceeding denying bail in a capital murder case, it has long been the policy of this court to refrain from stating the facts at length and of expressing a conclusion as to the sufficiency of the evidence to show a defendant's guilt as the case has not yet been tried on its merits. *Ex parte Paul,* supra.

1. There are several other temporary exceptions which are not here applicable. See Article I, § 11a, Texas Constitution.

The record in the instant case discloses the deceased was shot and killed by the appellant during the late evening hours of February 20, 1978 while assisting other law enforcement officers in a marihuana purchase and seizure referred to by one officer as a "buy-bust." The State introduced the testimony of the participating officers, which would tend to support a conviction under V.T.C.A., Penal Code, § 19.03(a)(1). The evidence is that after the purchase of the marihuana had been arranged between the appellant and an undercover agent and an informer, the undercover agent signaled the other officers hiding in a camper pick-up. As the deceased sought to enter the back door of the appellant's house by kicking it in, he was shot through the door and was hit in the head, dying of such wound.

There was evidence from a psychiatrist who had treated appellant at a hospital for fifteen months approximately ten years before the alleged offense. He related that appellant had a personality disorder, that he entered the hospital to learn to control his anger, his temper, his proneness to get into fights. The doctor related that during his stay at the hospital the appellant had attacked a staff member. It was his opinion that under certain circumstances there was an increased likeliness, possibility, probability of a violent response from the appellant than from an average person. There was other evidence that the shooting had been with a .38 caliber pistol, but that appellant also had a loaded .12 gauge shotgun, a loaded .22 caliber rifle, and knives, and that he informed the undercover agent that those who dealt with him in the purchase of marihuana would have his protection.

Appellant urges that the trial court erred in finding the "proof is evident" because "the evidence is not clear and convincing that he was aware that the deceased was a peace officer." Appellant in an exhaustive and well researched brief argues that the

evidence is conflicting as to whether or not he was aware that the deceased or the others were police officers. The State offered evidence, albeit circumstantial evidence, that the appellant knew that the deceased was a peace officer, at the time of the alleged offense. Appellant calls attention to certain res gestae statements he made immediately after the shooting and to other circumstances surrounding the event which he contends reflect a conflict in the evidence.

In 7 Tex.Jur.2d, Rev.Part 2, Bail and Recognizance, § 22, p. 621, it is written:

> "The right to be admitted to bail is commonly held to exist where the evidence as to the accused's guilt is conflicting. However, the mere fact that there is a conflict in the evidence does not conclusively establish the right. In other words, guilt may be evident despite conflict in the evidence. It is for the judge who hears the testimony to consider the evidence as a whole, and if, by the entire evidence, a reasonable doubt of the applicant's guilt of a capital offense is not generated, the proof is evident, and bail should be denied."

Considering the weight to be given to the trial court's decision and considering all the circumstances, we conclude that appellant's contention should be overruled.

He further contends that the proof is not evident since the evidence raised the issue of self-defense to prevent the commission of aggravated robbery. While it has been said that when the issue of self-defense is raised in such a manner as to make it necessary for the court to present the question to the jury (if there were a trial on the merits), then the court on an application for bail has no right to conclude the finding of the jury may not be favorable to the accused. *Ex parte Burton*, 75 Tex.Cr. 105, 170 S.W. 308 (1914);[2] *Ex parte Lewellen*,

---

2. In *Burton* the court found the State's evidence would support a verdict of murder upon express malice, rendering the case nonbailable, but found the defensive issue raised the issues of self-defense with such cogency the issues

would be required to be submitted to the jury "and a court cannot say that a jury would not be justified in finding for the defendant on one or the other of those defenses, and under such

89 Tex.Cr. 57, 229 S.W. 326 (1921).[3] The appellant did not testify nor offer other witnesses, and we cannot conclude from the other evidence that the issue of "self defense to prevent the commission of aggravated robbery" was sufficiently raised.

Further, it is stated in 7 Tex.Jur.2d, Rev. Part 2, Bail and Recognizance, § 14, p. 612:

". . . However, the accused is not necessarily entitled to bail in every case where the issue of self-defense is raised, regardless of the other testimony introduced. When the evidence introduced by the state to show malice is controverted by the relator's evidence showing that he acted in self-defense, the question is to be resolved by deciding whether the evidence is so clear and strong as to lead a well-guarded and dispassionate judgment to the conclusion that, if the law is properly administered, the accused will probably be punished by death."

Appellant also contends that the evidence also raises several other defensive matters which entitle him to bail. We do not agree. The matters were not sufficiently raised as to require submission to the jury (if there had been a trial on the merits). Further, appellant urges that the evidence was insufficient to support a finding that a jury would return affirmative answers to the special issues under Article 37.071, V.A.C.C.P. While less than ideal, we conclude the evidence, including the facts surrounding the events in question, the psychiatric testimony, appellant's background, and statements made to undercover agents prior to the shooting are sufficient to support the trial court's finding.

The decision of the trial judge that proof is evident is entitled to weight on appeal, although it is the duty of this court to examine the evidence and determine if bail was properly denied. *Ex parte Wilson*, supra; *Ex parte Derese*, supra; *Ex parte*

circumstances, we think the court erred in refusing to grant appellant bail."

**3.** In *Lewellen*, which cited *Burton*, the court reached the same conclusion as *Burton* that the case was a bailable one, but stated:

*Hickox*, 90 Tex.Cr. 139, 233 S.W. 1100 (1921).

After reviewing all the circumstances, we conclude the trial court did not abuse its discretion in denying bail.

"We do not desire to be understood as holding that, in every case where the issue of self-defense is raised, the accused would be entitled to bail, regardless of other testimony controverting it."