**Ex parte Jerry HOLDEN, Appellant.**

**No. 01–89–00503–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 3, 1989.

William J. Rice Jr., William J. Rice, Jr., & Associates, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., J. Harvey Hudson, Joe Magliolo, Asst. Dist. Attys., Houston.

Before DUGGAN, HUGHES and SAM BASS, JJ.

## OPINION

SAM BASS, Justice.

On September 6, 1988, appellant was indicted for possession of a prohibited weapon on school premises (the "weapons charge"). The trial court set appellant's bond in the weapons charge at $4,000. While out on bond, appellant was indicted for the felony charge of retaliation. Bond was set at $100,000. Appellant filed an application for writ of habeas corpus, asking the court to reduce his bond to $5,000. A hearing was held on May 10, 1989, and the judge reduced appellant's bond to $50,-000. Appellant perfected this appeal and asserts the trial court erred in setting an unreasonable and excessive bond.

█ Appellant has the burden of proving that the bail set is excessive. *Ex parte Rubac*, 611 S.W.2d 848, 849 (Tex.Crim.App. [Panel Op.] 1981). Where bail has been reduced upon a habeas corpus proceeding, before a complaint can be heard on appeal regarding the amount fixed, the petitioner must show that he has made an effort to furnish bail in that amount. *Ex parte Stembridge*, 472 S.W.2d 155 (Tex.Crim. App.1971); *Ex parte Willman*, 695 S.W.2d 752, 754 (Tex.App.—Houston [1st Dist.] 1985, no pet.). In the present case, while appellant demonstrated that he made several unsuccessful attempts to make a $100,-000 bond, there is no evidence that appellant attempted to make a $50,000 bond and that such attempt failed.

█ In setting bail, Tex.Code Crim.P. Ann. art. 17.15(5) (Vernon Supp.1989) permits the trial court to consider the future safety of the victim. Appellant is alleged to have committed the offense of retaliation, specifically, threatening to murder Mark E. Jamison, the complaining witness in the State's weapons charge against appellant. When the trial judge considered appellant's application, the safety of the complaining witness was of paramount concern.

Appellant has not met the burden of showing the bail set is excessive. Appellant's point of error is overruled. Accordingly, we affirm the trial court's denial of habeas corpus relief.