**John Dean ROY, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. C14–92–00339–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

July 9, 1992.

Kristine C. Woldy, Houston, for appellant.

Kimberly Aperauch, Houston, for appellee.

Before JUNELL, ROBERTSON and DRAUGHN, JJ.

## OPINION

ROBERTSON, Justice.

This is an appeal from an order entered in a habeas corpus proceeding denying bail pending trial. Appellant contends the trial court erred in denying bail because the state "failed in carrying its burden in providing proof evident." We agree and reverse.

From the return on the writ, we discern that on November 1, 1991 appellant was charged with the offense of capital murder and apparently was indicted for that offense in cause no. 614,219 sometime thereafter.[1] On March 11, 1992 his attorney filed application for writ of habeas corpus requesting bail. A hearing was held apparently on March 25, 1992, resulting in a trial court order that bond be denied.

At the hearing the state called two investigating homicide officers and introduced two pictures of the deceased. The pictures indicate the deceased was savagely cut and stabbed multiple times. The testimony of one of the officers shows that the deceased's body was found inside his apartment, and the apartment had apparently been ransacked—"articles turned over, drawers that were out. The mattress was rolled back and the phone lines were disconnected or cut and just articles strewn about along with the blood."

The testimony of the other officer shows that following the arrest of appellant, he "explained in length about the occurrences that led up to the events inside the apartment. He admitted that he had stabbed the complainant in this case with a knife, had cut him, and detailed, he claimed there was a struggle inside the apartment which led to the stabbing." The officer further stated that appellant admitted that "he had

---

1. The record, both as to the historical facts and the facts surrounding the offense, is, at best, skimpy.

taken a VCR and a telephone answering machine and taken the, Mr. Bass' (the deceased) car from the scene." On cross-examination the officer testified that appellant told him the deceased came at him with a knife "without his pants on and told him he was going to have him dead or alive, sexually" and that he (appellant) "wrestled the knife away from the man and that was the result of it." The only other material testimony of the officer was that he had determined that there was an outstanding warrant for appellant from the state parole board.

The constitution authorizes the denial of bail to persons charged with a capital offense when the proof is evident. Proof evident has been construed to mean that:

> ... the evidence is clear and strong, leading a well-guarded and dispassionate judgment to the conclusion that the offense of capital murder has been committed; that the accused is the guilty party; and that the accused will not only be convicted but that the jury will return findings which will require a sentence of death.

*Ex parte Ott,* 565 S.W.2d 540, 541 (Tex. Crim.App.1978).

While the decision of the trial judge that the proof is evident is entitled to great weight, if the prosecutor has failed to supply sufficient evidence to justify such finding that the proof is evident, the order of the trial judge denying bail cannot stand.

We refrain, in these proceedings, from discussing the weight of the evidence, but in this case the record simply fails to show that the prosecutor supplied sufficient evidence to satisfy the constitutional mandate.

Since no evidence was offered on the question of the amount of bond that might otherwise be set, we remand this case to the trial court to make such determination. *Ex parte Woodward,* 601 S.W.2d 378 (Tex. Crim.App.1980).

We reverse the order denying bail and remand this matter to the trial court.