**John Dean ROY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–92–01251–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 29, 1993.

Discretionary Review Refused
Sept. 15, 1993.

Kristine C. Woldy, Houston, for appellant.

J. Harvey Hudson, Houston, for appellee.

Before ROBERTSON, CANNON and BOWERS, JJ.

## OPINION

BOWERS, Justice.

Appellant is charged with capital murder. Appellant has previously been convicted of aggravated robbery and two separate incidents of unauthorized use of motor vehicle. Appellant was on parole at the time the alleged murder was committed.

The trial court originally denied bail. Appellant filed an application for writ of habeas corpus requesting that bail be set. Pursuant to that application the trial court held a hearing and subsequently denied the writ. Appellant appealed the denial of bail and on July 9, 1992, this court reversed and remanded to the trial court for a determination of the amount of bail to be set. *Roy v. State*, 834 S.W.2d 558 (Tex.App.—Houston [14th Dist.] 1992, no pet.). On November 13, 1992, the trial court conducted a hearing and set bail at $500,000.00. Appellant now appeals the setting of bail arguing that the trial court abused its discretion by setting bail at the excessive amount of $500,000.00.

Appellant has offered no evidence that he is indigent, that he has made an attempt to secure a bond, or that he can not afford a bond of $500,000.00. Before a complaint can be heard on appeal regarding the amount of bail, appellant must show he has made an effort to furnish bail in the set amount. *Ex parte Holden*, 774 S.W.2d 957 (Tex.App.—Houston [1st Dist.] 1989, no pet.). In the absence of some evidence that appellant has unsuccessfully attempted to secure a bond in the amount set by the court, no issue is presented for our review. *Ex parte Williams*, 467 S.W.2d 433, 434 (Tex.Crim.App.1971). Appellant has failed

to carry his burden of showing that his present bail is excessive. Accordingly, we affirm the judgment of the trial court.