TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00168-CR







Ex parte: Roland Reed Bohnet, II, Appellant








FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 45,183, HONORABLE RICK MORRIS, JUDGE PRESIDING







PER CURIAM


 This is an appeal from an order denying relief on appellant's writ of habeas corpus
seeking a reduction in bail. Tex. R. App. P. 44. Appellant is incarcerated pending trial of an
indictment accusing him of capital murder. Tex. Penal Code Ann. § 19.03(a)(8). Bail is
presently set at $500,000.

 The right to release on reasonable bail is guaranteed by the constitution. Tex.
Const. art. I, §§ 11, 13. While bail should be sufficiently high to give reasonable assurance that
the undertaking will be complied with, the power to require bail is not to be used so as to make
it an instrument of oppression. Tex. Code Crim. Proc. Ann. art. 17.15 (West Supp. 1992). 
Among the factors to be considered in setting bail are the nature of the offense and the
circumstances under which it was committed, and the defendant's ability to make bail. Id. 
Consideration may also be given to the defendant's ties to the community. Ex parte Ivey, 594
S.W.2d 98 (Tex. Crim. App. 1980). The ability of the accused to make bail does not of itself
control the amount of bail. Ex parte Gentry, 615 S.W.2d 228 (Tex. Crim. App. 1981). The
burden of proof is on the applicant to prove that bail is excessive. Ex parte Rubac, 611 S.W.2d
848 (Tex. Crim. App. 1981). 

 Appellant and his father were the only witnesses at the hearing below. Appellant
is on active duty in the United States Army and is stationed at Fort Hood. Appellant's parents
are residents of California. At the time of the hearing, appellant's wife was unemployed. There
is no evidence concerning appellant's salary and financial assets, if any. While appellant and his
father testified they cannot afford bail in the present amount, there is no evidence that appellant
has spoken to a bondsman. There is no evidence regarding the size of surety bond appellant can
afford.

 Appellant refers us to two opinions in which appellate courts reduced bail in capital
murder prosecutions to $20,000 and $35,000, respectively. Ex parte Vasquez, 558 S.W.2d 477
(Tex. Crim. App. 1977); Ex parte Delk, 750 S.W.2d 816 (Tex. App.--Tyler 1988, no pet.). The
evidence in Vasquez was more fully developed than in the cause before us. The opinion in Delk
gives little indication of the reasoning of the court. 

 The State refers us to an opinion in which the appellate court affirmed an order
setting bail in a capital murder prosecution at $500,000. Roy v. State, 854 S.W.2d 931 (Tex.
App.--Houston [14th Dist.] 1993, pet. ref'd). The court considered it significant that there was
no evidence that the defendant was unable to secure a bond in the amount set by the trial court.

 On the basis of the present record, we cannot say that appellant has carried the
burden of demonstrating that his present bail is excessive. The district court has not been shown
to have abused its discretion by refusing to reduce bail. 

 The order of the district court is affirmed.


Before Chief Justice Carroll, Justices Aboussie and Jones

Affirmed

Filed: June 21, 1995

Do Not Publish