Affirmed and Memorandum Opinion filed January 27, 2011.



 



In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-10-01034-CR



 

EX PARTE Rodell Dewayne
Poullard, Appellant

 



On Appeal from the 149th
District Court

Brazoria County, Texas

Trial Court Cause No. 63,039



 

MEMORANDUM  OPINION

 

Appellant has been charged with aggravated robbery
with a deadly weapon.  The trial court initially set bond at $1,000,000. 
Appellant filed an application for writ of habeas corpus in the trial court
requesting his bond be reduced.  On October 18, 2010, the trial court held a
hearing and reduced the bond to $250,000.  This appeal followed.  In a single
issue appellant argues the trial court abused its discretion in refusing to
reduce his bond further.  We affirm.

I.  Background

At the hearing, it was stipulated that appellant and
three other men were in a car together when they were arrested.  Three of the
men including appellant were indicted for aggravated robbery.  The bonds for all
three men were originally set at $1,000,000.  A co-defendant’s bond was reduced
to $2,500.  Appellant’s mother testified that she had not talked with a
bondsman on behalf of appellant, nor determined what kind of bond she could
make.  The court explained to her that she would have to produce at least ten percent
of the amount of the bond.  She testified that she could raise $1,000 for a
bond.  She testified that appellant was attending Houston Community College
before his arrest and was not employed.

Appellant’s stepfather testified that he had been
married to appellant’s mother for 10 years and had known appellant most of his
life.  He determined that the family could make a $5,000 or $10,000 bond.  If
appellant made bond, he would live with his mother and stepfather.  Appellant’s
stepfather did not testify about his employment.

At the conclusion of the hearing, the court reduced
appellant’s bond to $250,000.  The court further found that if appellant made
bond he was restricted to no contact with the other defendants and subject to a
9:00 p.m. to 6:00 a.m. curfew.

II.  Standard
of Review

We
review a trial court’s ruling on the setting of bond under an abuse of
discretion standard.  See Ex parte Rubac, 611 S.W.2d 848, 849, 850 (Tex.
Crim. App. 1981).  A defendant who seeks a reduction in the amount of bond has
the burden of proof to demonstrate that the bond is excessive.  Maldonado v.
State, 999 S.W.2d 91, 93 (Tex. App.—Houston [14th Dist.] 1999, pet. ref’d).


The
primary purpose of an appearance bond is to secure the accused’s presence at
trial on the charged offense.  Maldonado, 999 S.W.2d at 93.  Bail should
be set high enough to give reasonable assurance that the defendant will appear
at trial, but it should not operate as an instrument of oppression.  Id.
 While the decision regarding a proper bail amount lies within the sound
discretion of the trial court, the court is required to consider criteria set
forth in article 17.15 of the Code of Criminal Procedure, which provides
as follows:

The amount of bail to be required in any case is to be
regulated by the court, judge, magistrate or officer taking the bail; they are
to be governed in the exercise of this discretion by the Constitution and by
the following rules:

 

1. The bail
shall be sufficiently high to give reasonable assurance that the undertaking
will be complied with.

2. The
power to require bail is not to be used so as to make it an instrument of
oppression.

3. The
nature of the offense and the circumstances under which it was committed are to
be considered.

4. The
ability to make bail is to be regarded, and proof may be taken upon this point.

5. The
future safety of a victim of the alleged offense and the community shall be
considered.

Tex.Code Crim. Proc. Ann.
art. 17.15.  We measure the trial court’s ruling against these criteria.  Ex
parte Beard, 92
S.W.3d 566, 573 (Tex. App.—Austin 2002, pet. ref’d).  Other circumstances and
factors to be considered in determining the amount of bail include family and
community ties, length of residency, aggravating factors involved in the
offense, the defendant’s work history, prior criminal record, and previous and
outstanding bail.  Rubac, 611 S.W.2d at 849.

III. 
Analysis

A. 
The Nature and Circumstances of the Offense

The
nature of the offense and circumstances surrounding the crime are primary
factors in determining what constitutes reasonable bail.  See Ex parte
Davila, 623 S.W.2d 408, 410 (Tex. Crim. App. 1981).  In considering the
nature of the offense, it is also proper to consider the possible punishment.  Maldonado,
999 S.W.2d at 95.  When the nature of the offense is serious and involves
aggravating factors that may result in a lengthy prison sentence, bail must be
set sufficiently high to secure the defendant’s presence at trial.  In re
Hulin, 31 S.W.3d 754, 760 (Tex. App.—Houston [1st Dist.] 2000, no pet.).

The record reflects that appellant is charged with
aggravated robbery with a deadly weapon, a first-degree felony.  See
Tex. Penal Code Ann . § 29.03(a)(2).  The punishment for that offense ranges
from five to 99 years in prison with the possibility of a $10,000 fine.  Tex.
Penal Code Ann. §§ 12.32.  Attached to the State’s response to appellant’s writ
of habeas corpus is the probable cause affidavit filed in this case.  The
affidavit reflects that appellant and two others are charged with robbing a
service station attendant at gunpoint at approximately 2:00 a.m..  When
appellant was arrested, a large amount of money in a cashbox and a
semi-automatic handgun were found in the vehicle.

B. 
Ability to Make Bond

The defendant’s
ability to make bond is merely one factor to be considered in determining the
appropriate amount of bail.  Tex. Code Crim. Proc. Ann. art. 17.15(4); Ex
parte Brown, 959 S.W.2d 369, 372 (Tex. App.—Fort Worth 1998, no pet.).  Before
a complaint can be heard on appeal regarding the amount of bail, appellant must
show he has made an effort to furnish bail in the set amount.  See Roy v.
State, 854 S.W. 2d 931 (Tex. App.—Houston [14th Dist.] 1993, pet. ref’d). 
In the absence of some evidence that appellant has unsuccessfully attempted to
secure a bond in the amount set by the court, no issue is presented for our
review.  Ex parte Williams, 467 S.W.2d 433, 434 (Tex. Crim. App. 1971). 


Appellant’s mother testified that appellant does not
have a job and that she earns $800 per month.  They rent their home and have no
savings or retirement accounts.  Appellant’s stepfather testified that they
could only make a $10,000 bond, but did not testify as to whether he was
employed, and, if so, the amount of his income.  The fact that an accused
cannot make bail does not render the bail excessive.  Brown v. State, 11
S.W.3d 501, 504 (Tex. App.—Houston [14th Dist.] 2000, no pet.).  “If the ability to make bond in a
specified amount controlled, then the role of the trial court in setting bond
would be completely eliminated, and the accused would be in the unique posture
of deter-mining what his bond should be.”  Id. (quoting Ex parte
Brown, 959 S.W.2d at 372).

 

C.  Safety of the Victim and the Community

The future safety of both the community and the
victim of the alleged offense are to be considered in determining the
appropriate amount of bond.  Tex. Crim. Proc. Ann. art 17.15(5).  The violent
nature of the offense poses a significant risk to the community.  This
circumstance supports a conclusion that appellant poses a future danger to the victim
and the community.

D.  Other Factors

The trial court also may consider the defendant’s
work record; family and community ties; length of residency; and his prior
criminal record.  Maldonado, 999 S.W.2d at 93.  There was no evidence
about appellant’s criminal record or conformity with the conditions of any
previous bonds.  With regard to his community ties, appellant’s mother and
stepfather testified that they live in a neighboring county and that if
appellant were released he would live with them.  Appellant is not employed,
but is a student at community college.  These factors do not weigh in favor of
further reduction in appellant’s bond.  

IV.  Conclusion

After reviewing the record, we conclude appellant did
not satisfy his burden to show the bond was excessive.  Accordingly, we
conclude the trial court did not abuse its discretion in denying appellant’s
motion to further reduce his bail.  We affirm the trial court’s order denying
appellant’s request for further bond reduction.

 

                                                                                    PER
CURIAM

 

 

 

Panel consists of Justices Seymore,
Boyce, and Christopher.

Do
Not Publish — Tex. R. App. P. 47.2(b).