**Affirmed and Memorandum Opinion filed December 11, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-14-00240-CR

---

## EX PARTE FORREST WAYNE

---

**On Appeal from the 351st District Court
Harris County, Texas
Trial Court Cause No. 1419699**

---

## M E M O R A N D U M   O P I N I O N

Appellant is charged with aggravated sexual assault of a child younger than fourteen years of age. After appellant was arrested, his bond was set at $500,000. Appellant filed a pre-trial writ of habeas corpus seeking a reduction of bond. Following a hearing, the trial court reduced appellant's pre-trial bond to $300,000. Appellant now appeals arguing that the trial court abused its discretion by setting bail at that amount.

The hearing record reflects two witnesses testified at the hearing, Joseph Mendez, an agent with Access Bail Bonds, and appellant's mother. They both testified that appellant's mother cannot post a bond higher than $30,000. Appellant's mother also testified that appellant was arrested in Thailand, that appellant went to Thailand because "he was afraid of what was going to transpire,"

and when he left she was concerned she would never see him again. There was no evidence about how much the ticket to Thailand cost or how appellant was able to pay for the ticket. The trial court determined that "Mr. Wayne is, in fact, a flight risk and did flee as a result of this situation . . ." Still, the trial court reduced appellant's bond to $300,000.

There was no evidence presented regarding appellant's finances. Although appellant suggests that his sworn Pre-trial Application for Writ of Habeas Corpus Seeking Bail Reduction states that he has "little, if any, access to money," the trial court was entitled to conclude from the testimony that appellant had access to money. Appellant supplied no testimony that he is indigent, that he has made an attempt to secure a bond, or that he cannot afford a bond of $300,000.

Before a complaint can be heard on appeal regarding the amount of bail, appellant must show he has made an effort to furnish bail in the set amount. *Ex parte Holden*, 774 S.W.2d 957 (Tex. App.—Houston [1st Dist.] 1989, no pet.). In the absence of some evidence that appellant has unsuccessfully attempted to secure a bond in the amount set by the court, no issue is presented for our review. *Ex parte Williams*, 467 S.W.2d 433, 434 (Tex. Crim. App. 1971). Appellant has failed to carry his burden of showing that his present bail is excessive. *See Roy v. State*, 854 S.W.2d 931, 932 (Tex. App.—Houston [14th Dist.] 1993, pet. ref'd). Accordingly, we overrule appellant's issue and affirm the judgment of the trial court.


PER CURIAM


Panel consists of Justices McCally, Brown and Wise.

Do Not Publish — Tex. R. App. P. 47.2(b).

2